E. L. PURVIS, *et ux.,* v. J. F. MALLOY, for the use and benefit of W. L. Tiller.

176 So. 71.
Opinion Filed September 3, 1937.

*James N. Daniel,* for Plaintiffs in Error;

*John H. Carter* and *John H. Carter, Jr.,* for Defendant in Error.

BUFORD, J.—We review on writ of error judgment in favor of plaintiff in an action of ejectment.

Defendant filed two pleas. The first was "not guilty" and the other was:

"That in or about the year 1910 the plaintiff, J. F. Malloy, who is the father of the defendant, Alice Purvis, made to the said Alice Purvis a parol gift of ten acres of land which includes the land described in defendant's declaration; that the said defendant, Alice Purvis, accepted the said gift and took possession of the said land in reliance upon the gift and made permanent and valuable improvements on the faith of the gift by enclosing a portion of the said land with a substantial fence and erecting thereon a residence at a cost of approximately $500.00, all with the acquiescence of the said J. F. Malloy. That the said residence was erected on said land about the year 1910 and more than twenty years prior to the commencement of this action, and the defendants who are husband and wife, have resided on said land and have made their home thereon continuously for more than twenty years prior to the commencement of this action and have at all times since the making of the said gift claimed the said land and the improvements thereon as their own property and as their home.

"That at the time the said J. F. Malloy made said gift he was the owner of the said land and the plaintiff, W. L. Tiller, had no interest therein; that about two years prior to the commencement of this action the said J. F. Malloy conveyed to the said W. L. Tiller about seventy acres of

land and included in the description of land conveyed to the said W. L. Tiller was the, aforesaid ten acres upon which the defendants reside; that the said W. L. Tiller never exercised any claim to said ten acres until the time of the aforesaid conveyance to him from the said J. F. Malloy."

· The question is whether or not the evidence is such as to require a verdict and judgment in favor of defendant under the issues presented by the above quoted plea or because of adverse possession for a period of more than twenty years.

The evidence was conflicting. The jury resolved it in favor of the plaintiff. The trial judge approved that result by denying motion for new trial. In such cases the law is as stated in Erie & W. Va. Ry. Co. v. Knowles, 117 Pa. St. 17, 11 Atl. 250, as follows:

"To establish a parol gift or sale of land between parent and child, the evidence must be direct, positive, express and unambiguous; the terms of the sale or gift must be clearly defined, and all the acts necessary to its validity must have special reference to it, and to nothing else.

"To take such a contract out of the statute of frauds, the evidence as to the terms of the contract, its performance and the change of possession must be, not only credible, but of such weight and directness as to make out the facts alleged beyond a doubt.

"The declaration and admissions of the grantor are admissible in evidence to prove such a sale or gift, but should have but little weight attached to them as against any act of such grantor inconsistent therewith."

The evidence does not so preponderate in favor of defendant as to impel us to reverse the judgment and, therefore, the same is affirmed.

So ordered.

·Affirmed.

TERRELL and CHAPMAN, J. J., concur.

BROWN, J., concurs in part, dissents in part.

BROWN, J.—I concur in the opinion and judgment with one exception relating to that part of the opinion which quotes the holding of the Pennsylvania Court. I think the third paragraph of that holding while perhaps pertinent to the facts of the case, can hardly be accepted as a general principle of law applicable to all cases. Each case must be considered with reference to the facts of the particular case. See Chamberlain v. Chamberlain, 115 Fla. 21, 155 So. 136.