MARY LOUISE CANOVA HODGES, *et vir*, v. THE ATLANTIC NATIONAL BANK OF JACKSONVILLE, INC., as Guardian of the Estates of George P. Canova and Alberta Canova, minors, and George P. Canova and Alberta Canova, each individually.

184 So. 875.

Division A.

Opinion Filed October 31, 1938.

Rehearing denied December 20, 1938.

*Lester W. Jennings* and *Edwin C. Coffee,* for Appellant; *L'Engle & Shands,* for Appellees.

*Charles A. Powers,* Jr., for the Guardian *ad litem.*

BUFORD, J.—The appeal brings for review a decree sustaining exceptions to the Master's Report in part and overruling exceptions to Master's Report in part and finding in favor of defendants and dismissing bill of complaint.

The Master's findings were as follows:

"The master reserved his rulings on several objections made by the solicitors for the defendant Atlantic National Bank of Jacksonville, Inc., as guardian of the estates of George P. Canova and Alberta Canova, minors, to certain testimony of several witnesses for plaintiff. On page 95 of the record, in the testimony of Andrew F. Miner, a witness for plaintiff, Mr. Shands objected to the question, 'What did she say?' referring to a conversation between Mrs. Edna Thompson and the witness with respect to Mr. J. P. Hodges, one of the plaintiffs herein, which objection was made after

the question was answered as follows: 'She asked if I would go and see if Mr. Hodges was drunk so she could have him put in the blue jay.' The ground of objection made by Mr. Shands was, 'There is no foundation for impeaching testimony.' The master at that time reserved his ruling and now sustains the objection of Mr. Shands.

"The other objections and motions to strike made by Mr. Shands on behalf of Atlantic National Bank of Jacksonville, Inc., as guardian of the estates of George P. Canova and Alberta Canova, minors, to which the master reserved his rulings, relate to statements and admissions made by the two minor children, George P. Canova and Alberta Canova to various witnesses during their infancy as to whether or not the money in the guardianship account in the Atlantic National Bank of Jacksonville was the money of Mrs. Hodges or the money of the two minor children. The Master now overrules the objections to such testimony and denies the motions to strike same, upon the basis of the following authorities:

"31 Corpus Juris, page 1005:

" 'While ordinarily an infant cannot estop himself from asserting title or right to his own property and certainly he cannot be estopped by the acts or admission of other persons, still his declarations that he does not own certain property may be competent evidence against him when the title of the property is in question.'

"22 Corpus Juris, page 345:

" 'It is not necessary that the declarant should be *sui juris;* admissions of infants, insane persons, married women or spendthrifts under guardianships may be shown for what they are worth, although they are not binding on the declarant.'

"The master finds that Seaboard Air Line Railway Company paid to Mrs. Lula Canova, widow of Albert C. Canova,

deceased, on January 26, 1923, the sum of $9,500.00 for the death of her husband, Albert C. Canova, as the result of being struck by a Seaboard Air Line Railway Company train in the City of Jacksonville, Florida, on or about December 19, 1922. The evidence further discloses that A. C. Winter received the sum of $1,000.00 for handling settlement with the railway, leaving a balance of $8,500.00 upon which letters of administration were granted to J. F. Canova as administrator of the estate of Albert C. Canova, deceased, by County Judge DuBose of Duval County, Florida, under date of January, 1923, and thereafter, during the month of March, 1923, J. F. Canova was appointed guardian of the estates of George P. Canova and Alberta Canova, minors, by County Judge DuBose of Duval County, Florida. The evidence further discloses that plaintiff, Mrs. Mary Louise Canova Hodges, widow of Albert C. Canova, deceased, was seriously distressed and sick and ill on account of the death of her husband at the time said letters of administration were taken out as aforesaid and letters of guardianship issued. The evidence further discloses that the settlement with the Seaboard Air Line Railway Company was handled by J. F. Canova and A. C. Winter, and that Mrs. Hodges is a woman who is not capable of handling business transactions such as the collection of money for the death of her husband and relied on J. F. Canova and A. C. Winter to handle the matter for her. The evidence further discloses that Mrs. Hodges was not in good health for a number of years after the death of her said husband and Mrs. Hodges' testimony in this case and her appearance and demeanor on the witness stand as viewed by the master gave the master the impression that Mrs. Hodges was not and is not a woman capable of handling her own affairs, and the master finds from the evidence herein that Mrs. Hodges obtained legal advice from her present attorneys shortly before the

institution of this suit and that this suit resulted from the advice given her by such attorneys. The master further finds that plaintiff is entitled to have and receive from the Atlantic National Bank of Jacksonville, Inc., as guardian of the estates of George P. Canova and Alberta Canova, minors, the sum of money now remaining in the hands of said bank as guardian as aforesaid, by reason of the fact that the evidence shows that Mrs. Hodges was ignorant of the meaning of the administration and guardianship aforesaid and did not intend that her children should have the money placed in the guardianship account as a gift from her. The master finds there is not sufficient evidence of a gift from Mrs. Hodges to her two said children of the money in the guardianship account and, therefore, finds that the equities of this cause are with the plaintiff and that she should recover from the Atlantic National Bank of Jacksonville, Inc. as guardian of the estates of George P. Canova and Alberta Canova, minors, the sum of money on hand at the present time with said bank as guardian as aforesaid."

The exceptions to the Master's Report were as follows:

"FIRST: To the finding of fact that plaintiff Mrs. Hodges was ignorant of the meaning of the administration of the estate of A. C. Canova, deceased, or of the meaning of the guardianship of her children, because:

"(a)    There is no evidence to support such finding;

"(b)    There was and is under the pleadings herein no issues made as to the ignorance of plaintiff, as to the legal effect or meaning of such matters;

"(c)    The case alleged in the bill is that plaintiff never authorized the money and property in question to be administered as assets of her deceased husband's estate, while recovery by plaintiff is recommended by the Special Master

upon the ground that plaintiff lacked and still lacks mental capacity to comprehend the consequences of her acts;

"(d)  Plaintiff's ignorance of the legal effect or meaning of administration and guardianship does not relieve her of the legal consequences of authorizing the moneys in question to be administered as a part of the estate of her deceased husband.

"SECOND:  To the finding of fact that plaintiff Mrs. Hodges was and is not capable of handling her affairs, because:

 "(a)  Such finding is not within the issues made by the pleadings;

"(b)  The Special Master overlooks the facts that by her bill plaintiff's right of recovery is predicated upon the fact that funds given J. F. Canova by plaintiff to invest for her were wrongfully transferred by him first to himself as administrator of the estate of A. C. Canova, deceased, and thence to himself as guardian of the estates of George P. and Alberta Canova, *without the consent or approval of plaintiff*, whereas the evidence shows that plaintiff *did consent to and approve* of such disposition of the funds.  This finding of the Special Master assumes that *such consent and approval were voidable* because of plaintiff's want of mental capacity.  Such a case is not alleged in the bill;

"(c)  The evidence shows and the report of the Special Master necessarily concedes that the funds in question were voluntarily transferred and given by the plaintiff Mary Louise Canova Hodges to the estate of A. C. Canova, deceased, or to J. F. Canova for that purpose, and that said funds were duly disposed of as a part of such estate in accordance with law and with the unqualified consent and approval of said Mary Louise Canova Hodges, and no legal

basis is shown in the record for permitting said Mary Louise Canova Hodges to revoke such transfer or gift.

"THIRD: To the finding of fact that Mary Louise Canova Hodges was seriously distressed and sick and ill on account of the death of her husband at the time letters of administration were taken out upon the estate of her husband and letters of guardianship of her children were issued, because

"(a) Such finding is not supported by the evidence;

"(b) The state of Mrs. Hodges' health was not in issue.

"FOURTH: To the finding of law that the plaintiff is entitled to have and receive from the Atlantic National Bank of Jacksonville as guardian of the minors aforesaid, the sum of money now remaining in the hands of such bank as such guardian, by reason of the fact that the evidence shows that Mrs. Hodges was ignorant of the meaning of the administration and guardianship aforesaid and did not intend that her children should have the money placed in the guardianship account as a gift from her, because:

"(a) No such issue is presented by the pleadings but, on the contrary, the plaintiff alleged that she never authorized the money to be placed in the guardianship account, whereas the Master attempts to permit a revocation of such gift because of the want of mental capacity of the plaintiff;

"(b) There was no issue as to the mental capacity of the plaintiff or coercion on the part of J. F. Canova;

"(c) Even if it were established that Mrs. Hodges was ignorant of the meaning of the administration and guardianship aforesaid and did not intend that her children should have the money placed in the guardianship account as a gift from her, it would not necessarily follow from those facts alone that the plaintiff is entitled to have and receive the funds now remaining in the hands of The Atlantic National Bank of Jacksonville, as such guardian.

"FIFTH : To the finding of fact that there is not sufficient evidence of a gift from Mrs. Hodges to her said children of the money in the guardianship account, because;

"(a) There was no such issue of fact made by the pleadings;;

"(b) The finding is not supported by the evidence;

"(c) The evidence shows that Mrs. Hodges made the gift to the estate of her deceased husband.

"SIXTH : To the ruling of the Special Master overruling these defendants' exceptions to testimony of the plaintiff Mary Louise Hodges as to transactions or communications between her and Joseph F. Canova, deceased, at pages 4, 5 and 6 of the transcript of the testimony, relating to the funds in question, because such testimony is inadmissible under Section 4372, C. G. L. 1927.

"SEVENTH : These defendants also except to the failure of the Special Master to find the equities of the case to be with the defendants and against the plaintiff.

"EIGHTH : These defendants further except to the report of the Special Master in its entirety because in said report said Special Master makes specific findings of fact separately from his conclusions of law, nor are any facts found by said Special Master which justify his conclusions of law that the plaintiff Mary Louise Canova Hodges is entitled to the funds and property involved in this suit.

"NINTH : These defendants further except to the report of said Special Master as a whole because said Special Master, without prior notice and without affording to the parties hereto, including the defendants, any opportunity to be heard as to the findings of fact to be made or as to the form of the report, prepared and filed his report herein."

The final decree from which appeal is taken was as follows:

"This cause coming on for final hearing on the pleadings and the report of the Special Master herein and on the exceptions of the defendants George P. Canova and The Atlantic National Bank of Jacksonville, as guardian of the estates of the defendants George P. Canova and Alberta Canova, to the report of the Special Master herein, after notice, and said cause having been duly argued and submitted by counsel for the respective parties;

"And it appearing and the Court finding from the pleadings and evidence herein that the plaintiff Mary Louise Canova Hodges, in causing or permitting to be placed in the assets of the estate of her deceased husband, A. C. Canova, funds which she had received in settlement of the wrongful death of her said deceased husband, and in causing or permitting the distribution or payment of two-thirds of such funds to her children George P. Canova and Alberta Canova through their Guardian, intended to give and did give the property so received by said Guardian, including the funds here in controversy, to her said children, the defendants George P. Canova and Alberta Canova;

"And the Court further finding that said plaintiff Mary Louise Canova Hodges at all times had knowledge of said administration of the estate of A. C. Canova, deceased, and of the source of the funds which were administered as his estate, and also at all times had knowledge of the guardianship of her children and of the source from which the assets of the estate of said children were derived;

"And it further appearing and the Court finding that the equities of this cause are with the defendants and against the plaintiff, and the Court being fully advised in the premises:

"Now, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED as follows:

"1.  That the exceptions of the defendants George P. Canova and the Atlantic National Bank of Jacksonville, as guardian aforesaid, to the report of the Special Master numbered First, Second, Third, Fourth, Fifth, Seventh and Eighth are hereby severally sustained.

"2.  It being the opinion of the Court that the defendants George P. Canova and Alberta Canova derived their title to the funds directly from the plaintiff Mary Louise Canova Hodges, and not through Joseph F. Canova, deceased, and also that the defendants were not prejudiced by the failure of the Special Master to accord an opportunity to be heard upon the completion of the testimony, prior to the filing of his report herein, said defendants' exceptions numbered Sixth and Ninth to the report of the Special Master herein are severally overruled.

"It Is Further Ordered, Adjudged and Decreed that the bill of complaint herein be and the same is hereby dismissed and that the defendants do have and recover of and from the plaintiff their costs herein, which are hereby taxed at $18.35, for which let execution issue."

The record shows conclusively that the money involved was never the assets of the estate of Albert C. Canova and therefore, never came into the hands of an administrator of the estate of Albert C. Canova as such legal representative.

The record further shows that the first administrator of the estate of Albert C. Canova, his brother, Joseph F. Canova, reported the money as constituting in part at least the assets of the estate of Albert C. Canova and handled the funds as the administrator of such estate.   There is no evidence that he at any time held such funds by reason of the gift thereof by the widow of Albert C. Canova, the complainant in the court below, and appellant here, to his wards but claimed the funds involved as the property of his wards

as heirs at law of the estate of Albert C. Canova and took over and handled the same as such.

Joseph F. Canova died and Atlantic National Bank of Jacksonville in due course qualified as successor guardian of George P. Canova and Alberta Canova, minor children of Albert C. Canova. George P. Canova became of age. The widow remarried to J. P. Hodges and filed suit for accounting and to recover the remainder of the fund in the hands of the Bank.

The defendants necessarily rely on the theory that the money came into the hands of the guardian as the gift from the complainant to her minor children so the question for our determination is, "Did the plaintiff herein, under the circumstances alleged in the pleadings and facts adduced in evidence, make a valid gift of the funds here in controversy to her two children?" In determining the validity of a gift intent with which delivery was made is an essential element to be considered; intention to transfer title is necessary to constitute a valid and effective gift *inter vivos*. Mutual Benefit L. Ins. Co. v. Clark, 81 Cal. App. 546, 254 Pac. 306; Burns v. Nolette, 83 N. H. 489, 144 Atl. 848; Pyland v. Gist, 199 Ark. 860, 7 S. W. (2) 985; Collins v. Baxter, 231 Ala. 247, 164 So. 61; Monette v. Title Ins. & Trust Co., 107 Cal. App. 313, 290 Pac. 668.

"As a general rule, any person of legal age, having the mental capacity to understand the nature of the transaction may be the donor of property of which he is the legal and equitable owner." 28 C. J., Gifts, Sec. 16, pp. 626.

"It is essential to the validity of a gift that the donor shall have sufficient mental capacity to make a gift; a gift by a donor mentally incompetent is void. Some authorities hold that the test of mental capacity to be applied to a completed gift is the same as that to be applied to any other contract and not that of testamentary capacity. Others hold that

capacity to contract is not required, but that it is sufficient if the donor is mentally competent to execute a will    The general rule is that, if the donor has sufficient mental capacity to comprehend the transaction, if he understands the extent and value of his property, what persons are the objects of his bounty, and the manner in which he is distributing his property among them, his gift will be valid." 28 C. J., Gifts, Sec. 17, pp. 626.

The appellant, Mary Louise Canova Hodges, testified that her physical condition has been impaired since 1921.   She has been able to get around and do her work for the past two years, but has had no means with which to consult or employ counsel.   Two months before the death of her first husband, Albert C. Canova, she contracted dengue fever and was in critical condition for some time afterwards.   She testified that she intrusted the money to Joseph F. Canova, telling him she intended to buy a home, get a good loan and save the principal; Joseph Canova then brought some papers to her, saying she must sign them in order for him to manage her business until she got well.   They were papers authorizing him to be guardian of the children and administrator of the estate of Albert Canova, but he made no explanation as to what the papers were.   Concerning this transaction, Mrs. Hodges said:

"Mr. J. F. Canova had me fooled all the time.   He would come out to the house and bring papers when he knew I was not able to be worried over it and my baby was about to die and he would put papers down and say to sign it, and I would say, 'sign without reading it?' and he would say yes he was in a hurry to fix up matters."

The testimony of Mrs. Hodges is to the effect that she was a person of poor education and incapable of handling any transaction involving a large sum of money; that relying on the integrity of her brother-in-law, J. F. Canova, the

money received by her was entrusted to him for investment for her account; that she was thoroughly unaware that any administration was had on the estate of her husband or any guardianship created for her children until approximately two years after those things came to pass and that even after becoming aware of the administration and the guardianship she did not know that such was not necessary or proper; that she continued in ignorance of these matters until she consulted her counsel in this case.

Mrs. Lula Haddock, a neighbor of appellant, testified that appellant has been in bad health since about 1921. Fannie Hornsby, sister of appellant, said appellant was in critical condition from 1921 to 1924 and suffered from a critical operation during 1923, 1924, and 1925. Nora Raulerson, a neighbor, testified that appellant's health from the time of her first husband's death until the present time has been "really bad." Although her health has improved within the last year, it is not "real good" yet. J. P. Hodges, the present husband of appellant, testified that appellant has been under a doctor's care since the time of their marriage in 1923.

But, aside from all this, the authorities hereinbefore cited support the well established doctrine that to constitute a valid gift the delivery must be made with intent of making the gift and passing the title,, and a mere delivery of the property without such intent passes no title. And that a delivery of property through inadvertence or mistake without any intention of passing title thereto will not support a gift. It is true that there is some evidence in the record that Mrs. Hodges, nee Canova, stated that she had given the children a part of the money which she received from the Seaboard Air Line Railway Company but, as we read the record, there is no evidence establishing that this statement, if made, was true. On the contrary, it is, as hereinbefore stated, shown conclusively that the original administrator

Joseph F. Canova, reported the fund the assets of the estate of Albert C. Canova, deceased, and during his entire life handled the fund as one derived from that source.

Even if it be conceded that Mrs. Hodges, nee Canova, was cognizant of the action and conduct of Joseph F. Canova in this regard her knowledge and acquiescence therein was not sufficient to pass title.

Our conclusion is that the evidence fails to establish the essential requisites of a gift; that no title to the money involved passed to the minor children, or to either of their guardians above mentioned.

It, therefore, follows that the decree appealed from must be reversed with directions that a decree be entered not inconsistent with the views herein exprssd.

So ordered.

Reversed with directions.

ELLIS, C. J., and TERRELL, J., concur.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur in the opinion and judgment.