D. S. MILLER v. R. C. GARDNER

198 So. 21
En Banc
Opinion Filed October 4, 1940

*Claude M. Barnes* and *Rudyard K. Bell,* for Appellant; *Aronovitz & Goldstein,* for Appellee.

BUFORD, J.—On appeal we review decree dismissing bill of complaint as a final adjudication of the rights of the parties in a suit in which it was sought to have a decree of specific performance of an alleged oral contract.

The record shows that on December 15, 1939, plaintiff filed motion to dismiss the cause as follows:

"Comes now the plaintiff in the above entitled cause, D. S. Miller, by his solicitors, R. K. Bell, Claude M. Barnes and Knight & Green, and respectfully show unto the Court as follows: that the above styled and entitled cause is now pending before the Honorable J. M. Flowers, as Special Master in Chancery heretofore appointed herein; that the time for the taking of the testimony and evidence of the parties hereof has not expired; that the Special Master heretofore appointed herein has made no findings of fact or conclusions of law; that the fees of the reporter who transcribed the testimony and evidence herein have been paid to said reporter by your plaintiff's attorney, Claude M. Barnes; that the Special Master's fee for the taking of the testimony and evidence herein has been paid to the said Special Master as disclosed by a certificate hereto attached:

"WHEREFORE plaintiff moves the Court for the entry of an order and decree herein dismissing the above styled and entitled cause without prejudice to the plaintiff and directing the Special Master to deliver to the plaintiff's attorneys

the testimony heretofore taken before him after certifying to the truth and correctness thereof."

Thereafter, on December 15, 1939, the Chancellor entered an order dismissing the cause without prejudice.

On December 18, 1939, defendants filed motion, verified under oath of attorney for defendant, that the order of dismissal so entered by the court be vacated in which motion it was alleged, *inter alia:*

"That said order was based in part upon certificate made and filed in said cause by J. M. Flowers, Special Master in Chancery, the allegations of which certificate this defendant states to be true and correct; That defendant would further show in addition to the facts stated in said certificate that after having taken testimony of the defendant in this cause, said Special Master prior to another hearing set for December 14, 1939, informed counsel for the defendant that he would not hear any further testimony, that he was prepared to file his findings to the effect that the plaintiff had failed to meet the requirements of law in proving the allegations of plaintiff's bill of complaint, and further stated to counsel for defendant that plaintiff's testimony was not sufficient because of inconsistencies contained therein as well as for other reasons to warrant a decree in favor of plaintiff; that said Special Master in Chancery further informed counsel for defendant that he had announced the above stated decision on his part to counsel for plaintiff; that a hearing was to be had in said cause on the 14th day of December, 1939; that defendant was prepared to proceed with his testimony and that of his other witnesses, and that at the time set for said hearing said Special Master again stated he did not want to hear any further testimony since the same was not necessary; that a full hearing was had on the merits of this case, and that in truth and fact

said Special Master decided the case in favor of the defendant and against the plaintiff.

"Defendant would further show unto this Honorable Court that defendant has expended costs in this suit for a witness subpoena, and that plaintiff has not repaid or offered to repay defendant for said costs; that defendant in his answer prays that the bill of complaint be dismissed at the costs of the plaintiff.

"Defendant further shows unto this Honorable Court that plaintiff is in possession of defendant's property as set up in the answer of defendant, and that said plaintiff is still in possession of said property; that if this cause stands dismissed without prejudice to the plaintiff, same will be seriously prejudicial to defendant, and defendant will be forced to go through unnecessary and prolonged litigation in order that his property rights may be restored to him;"

On December 19, 1939, the Chancellor entered his order vacating the order of December 15, 1939, and reinstating the cause and extended the time for taking testimony for a period of ten days. The ten days expired without the taking of further testimony.

The duly appointed Master made his report including findings of fact and

"The equities in this cause are with the defendant, and he is entitled to an order dismissing the bill of complaint as against him.

"I THEREFORE RESPECTFULLY RECOMMEND unto the Court that a final decree be entered in this cause, dismissing the bill of complaint and taxing the costs in this cause as against the defendant."

Exceptions to the report were filed and on the 9th day of February, 1940, the Chancellor entered his order sus-

taining the findings of the Master and dismissing the cause with prejudice to the plaintiff.

On the 28th day of February, 1940, the Chancellor modified his order of February 9 and ordered and adjudged,

"That the plaintiff's exceptions to the report of the Special Master heretofore filed in this cause, be and the same are hereby denied.

"2. That the equities in this cause are with the defendant.

"3. That the plaintiff has failed to establish by clear, convincing and competent evidence and testimony, the allegations of his bill of complaint, and it is hereby decreed that the plaintiff has no interest in the fee title to the property described in said bill of complaint.

"4. That the above and foregoing cause be and the same is hereby dismissed at the cost of the plaintiff."

Appellant challenges the propriety of the order of December 19, *supra*.

The making of such order was within the power and sound discretion of the Chancellor. Under the factual conditions disclosed by the record, it would have been inequitable and unjust to have declined to vacate the order of December 15 which the record shows had been entered by the Chancellor without considering all the rights of the parties.

The appellant challenges the propriety of the order of the Chancellor sustaining the findings of the Master and dismissing the cause with prejudice.

The rule applicable here is settled and it is fixed beyond question that in a suit for specific performance of an alleged contract for the sale of real estate the plaintiff must do more than merely prove his case by a preponderance of the evidence, but he must prove the contract as alleged in his complaint competent and satisfactory proof which must be

clear, definite and certain. See Mallory v. Boyett, 53 Fla. 956, 43 Sou. 243; Williams v. Bailey, 69 Fla. 225, 67 Sou. 877; Rundell v. Gordon, 92 Fla. 1110, 111 Sou. 386; Alexander v. Bess, 123 Fla. 713, 167 Sou. 533; White v. Cohn, 137 Fla. 501, 188 Sou. 581.

Specific performance of a contract for the sale of real estate is not a matter of right in either party, but the right to such performance rests in the sound legal discretion of the Chancellor. See White v. Cohn, *supra,* and numerous cases there cited.

No reversible error is reflected in the record; so the decree is affirmed.

So ordered.

TERRELL, C. J., WHITFIELD and CHAPMAN, J. J., concur.

THOMAS, J., agrees to conclusion.

Justice BROWN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.