68 So.2d 594 (1953)
MILLER
v.
MURRAY et al.
Supreme Court of Florida. Special Division A.
December 11, 1953.
*595 Marco Loffredo, Miami, for appellant.
Daniel E. Murray, Miami, for appellees.
SEBRING, Justice.
This is an appeal by the plaintiff below from a decree denying specific performance of an alleged oral contract to convey real estate.
According to the record, Doris Miller lived as a tenant in a "shack" on the rear of a lot owned by her mother, a Mrs. Hodges, in Dade County, Florida. On the front of the lot was another house which had been occupied, from time to time, by various members of the Hodges family. At one period, however, it remained vacant for several months and during this time Mrs. Hodges attempted to sell it. While trying to find a purchaser, Mrs. Hodges allowed Doris Miller to move into the house, and thereafter Doris Miller made payments of $50 a month to her mother, until the latter died approximately one year later.
After the death of the mother, Doris Miller brought the present suit for specific performance alleging in her complaint that the mother had entered into an oral contract to sell her the property for $5,500; the down payment thereon to be the sum of $600 that the daughter had theretofore lent the mother, and the balance to be paid at the rate of $50 each month without interest.
Answers were filed by the defendants denying the material allegations of the complaint and evidence was submitted before a special master. At the conclusion of the trial the special master, after acknowledging in his report "the highly contradictory" nature of the evidence submitted, concluded that the testimony supported "the finding of an oral agreement between the deceased and complainant" and "the finding that the complainant loaned the deceased * * * the sum of $600, and that the oral agreement provided this $600 was to be used as the down payment toward the total price of $5,500 * * *." Based on these and other findings the master found the equities to be with the plaintiff *596 and recommended the entry of a decree in favor of the plaintiff as prayed.
Exceptions to the report were taken by the defendants and sustained by the chancellor, who overruled the master's conclusion in a decree containing the following findings: "the Court finds that the Plaintiff has failed to prove by more than a preponderance of evidence, as required in such circumstances, all of the essentials necessary to be proved to establish such part performance as will take the case out of the Statute of Frauds, and to invoke the interference of a court of equity in the Plaintiff's behalf to require specific performance. Neither is it made to appear that the Plaintiff cannot be returned to her former position or damages fixed and awarded which would be full compensation or that it would be a fraud upon the Plaintiff if the agreement she asserts were not carried out."
On this appeal some objection is made by the plaintiff to the rule of evidence applied by the chancellor. We find no valid basis for the objection. In this jurisdiction the rule is settled beyond question "that in a suit for specific performance of an alleged contract for the sale of real estate the plaintiff must do more than merely prove his case by a preponderance of the evidence * * * he must prove the contract as alleged in his complaint by competent and satisfactory proof which must be clear, definite and certain. See Maloy v. Boyett, 53 Fla. 956, 43 So. 243; Williams v. Bailey, 69 Fla. 225, 67 So. 877; Rundel v. Gordon, 92 Fla. 1110, 111 So. 386; Alexander v. Bess, 123 Fla. 713, 167 So. 533; White v. Cohn, 137 Fla. 501, 188 So. 581." Miller v. Gardner, 144 Fla. 339, 198 So. 21, 23.
The governing principles by which part performance may remove an oral contract for the sale of land from the effect of the Statute of Frauds are also well settled. In addition to establishing the fact that an oral contract for sale was made, proof must be submitted as to the following: payment of all or part of the consideration, whether it be in money or in services; possession by the alleged vendee; and the making by the vendee of valuable and permanent improvements upon the land with the consent of the vendor  or, in the absence of improvements, the proof of such facts as would make the transaction a fraud upon the purchaser if it were not enforced. Battle v. Butler, 138 Fla. 392, 189 So. 846. Accord Todd v. Hyzer, 154 Fla. 702, 18 So.2d 888; Purvis v. Malloy, 129 Fla. 191, 176 So. 71, 72.
The basic factual controversy in the hearings before the special master related to the declarations and admissions of the decedent, Mrs. Hodges, concerning her transactions with her daughter, Doris Miller, and to the plaintiff's proof of the existence of the oral contract in the first instance, which depended to a large extent upon these declarations. In respect to this, the rule is that while the declarations and admissions of a grantor are admissible to prove such a sale, they "should have but little weight attached to them as against any act of such grantor inconsistent therewith." Purvis v. Malloy, supra. We call attention to this rule for the reason that in view of the many inconsistent statements and actions attributed to Mrs. Hodges, in relation to the property involved, we do not think it can be said that the alleged oral contract was established by "clear and convincing" proof. But even assuming, for the sake of argument only, that the oral contract has been established by clear and convincing proof, there is still one other aspect of the case that is deficient in proof. The rule is that in addition to establishing the oral contract under which the vendee claims, the acts claimed to have been done thereunder in order to meet the Statute of Frauds must be referable exclusively to the contract; the act or conduct relied on as constituting part performance of the contract must have special reference to it and nothing else. Purvis v. Malloy, supra. As the whole matter is stated in Purvis v. Malloy, supra: "To establish a parol * * * sale of land between parent and child, the evidence must be direct, positive, express, and unambiguous; the terms of the sale * * * must be clearly defined, *597 and all the acts necessary to its validity must have special reference to it, and to nothing else. To take such a contract out of the statute of frauds, the evidence as to the terms of the contract, its performance, and the change of possession must be, not only credible but of such weight and directness as to make out the facts alleged * * *. The declarations and admissions of the grantor are admissible in evidence to prove such a sale * * * but should have but little weight attached to them as against any act of such grantor inconsistent therewith."
What is said in the Purvis case would appear to be controlling in the case at bar, even if the serious conflict in the evidence as to the existence of an oral agreement to sell could be resolved in the plaintiff's favor. The acts relied on to constitute part performance consisted of moving into and occupying the residence, making monthly payments to the mother, and making certain improvements to the house. Inasmuch as prior to the occupancy of the house the daughter had lived as a tenant on the lot in the "shack" to the rear, the acts relied on by the plaintiff as constituting part performance were equally as consistent with a tenancy status. Compare Wilkins v. Pensacola City Co., 36 Fla. 36, 18 So. 20; Little v. Kendrick, 152 Fla. 720, 12 So.2d 899; Sarasota-Fruitville Drainage Dist. v. All Lands, etc., 157 Fla. 207, 25 So.2d 498.
Any such investment as the plaintiff claims to have been made by her in respect to the transaction ought to be easily established by proof and should be readily collectible. Consequently it cannot be said that the plaintiff has changed her position significantly in reliance upon the alleged sale. Compare Cottages, Miami Beach, Inc., v. Wegman, Fla., 57 So.2d 439. These circumstances, coupled with the fact that no claim was openly asserted by the plaintiff until after the death of the alleged vendor, placed upon the plaintiff the burden of proving her claim by evidence far more convincing than that revealed in the record. See Burton v. Keaton, Fla., 60 So.2d 770.
Accordingly, the decree appealed from should be affirmed.
It is so ordered.
TERRELL, Acting C.J., MATHEWS, J., and PARKS, Associate Justice, concur.