174 So.2d 78 (1965)
Clyde H. ROWLAND, Appellant,
v.
George W. EWELL, Jr., Appellee.
No. 4819.
District Court of Appeal of Florida. Second District.
April 7, 1965.
Rehearing Denied April 26, 1965.
*79 William W. White, Jr., of Wilder & White, Clearwater, for appellant.
John E.M. Ellis of Ellis, Logan & Page, St. Petersburg, for appellee.
ANDREWS, Judge.
This is an appeal from a summary judgment entered against Clyde H. Rowland, the plaintiff, in a suit for breach of an alleged oral contract of employment with George W. Ewell, Jr., defendant.
The plaintiff alleged that he had agreed to work for the defendant, George W. Ewell, Jr., as manager of a mercantile store for a period of not less than five years, and in return the defendant agreed to pay the plaintiff in addition to his weekly salary a bonus of 1% of the personal gross sales generated by the plaintiff during and at the end of a 5-year period conditioned upon the plaintiff remaining in the employ of the defendant for said period. The plaintiff further alleged that he remained in the employ of the defendant for said five years; that he made demand for said bonus; and that the defendant refused to pay the same.
The defendant acknowleged the employment and bonus arrangement, but alleged that it was further conditioned upon an increase in the sales and profit in future years as a result of plaintiff's association with the store; that the sales and profits did not increase; that the plaintiff's weekly salary was increased during said period, and in addition, he received bonuses at the end of each year; that the plaintiff was advised of the defendant's intention to sell the business before the end of the 5-year period, at which time the defendant assumed responsibility for management of the store. The defendant sold the store in January 1963, and plaintiff continued to work for the new store owner and made no demand on the defendant for the bonus until after his employment by the defendant had terminated.
The defendant, in addition, plead as a defense the Statute of Frauds, F.S.A. § 725.01, in that the alleged agreement was oral and was not to be performed within the period of one year.
Although there were issues of fact as to the exact conditions and details of the oral agreement to pay the bonus, these issues are immaterial insofar as the defense of the statute of frauds is concerned, and as to that issue the court found that there was no genuine issue as to any material fact, and that the defendant was entitled to judgment as a matter of law, because the agreement was barred by the statute of frauds. We agree.
The Florida courts have held that part or complete performance of an agreement, not capable of performance within one year and not in writing, may be enforced under certain circumstances. The cases which have set forth exceptions have involved contracts for the purchase of realty, Battle v. Butler, 1939, 138 Fla. 392, 189 So. 846. This case and the others involving contracts for purchase of realty uniformly hold that the elements necessary to take them out from under the operation of the statute of frauds are that the purchaser must enter into possession, pay all or at least a part of the consideration, and make valuable and permanent improvements. Undoubtedly, this exception has been recognized under such circumstances because the acts are consistent with the existence of a contractual relationship.
On the other hand, in Miller v. Murray, Fla. 1953, 68 So.2d 594, enforcement of an alleged oral contract to purchase realty was denied because the plaintiff had previously leased the premises. The court denied the relief requested because the possessory interest of the plaintiff, as well as the other acts relied on as constituting *80 part performance were as "equally as consistent with a tenancy status" as with that of a vendee. The act or conduct relied on as constituting part performance must be referable exclusively to the contract and nothing else. Purvis v. Malloy, etc., 1937, 129 Fla. 191, 176 So. 71; Miller v. Murray, supra. The equitable doctrine of part or complete performance of an agreement to remove it from the statute of frauds has also been applied to verbal contracts to make mutual wills. Keith v. Culp, Fla. App. 1959, 111 So.2d 278.
The statute of frauds was enacted to prevent perjury and the enforcement of claims based on memories made faulty by the lapse of time, or loose verbal statements, and should be strictly construed. Yates v. Ball, 1938, 132 Fla. 132, 181 So. 341. This doctrine has been followed in Michigan in the case of Ordon v. Johnson, 1956, 346 Mich. 38, 77 N.W.2d 377, and in New York in the case of Jaffe v. New York Towers, Inc., City Ct. 1951, 108 N.Y.S.2d 193.
Apparently there have been no decisions in Florida on the peculiar circumstances now before the court. The question of the application of the part-performance doctrine to wage or bonus agreements to remove them from the statute of frauds has arisen in numerous other jurisdictions and is the subject of an extensive annotation entitled "Statute of Frauds  Performance" in 6 A.L.R.2d 1053, in which it is stated under a section entitled "Contracts for Services in General" at page 1074:
"In accordance with the general rule (see subsection 3 supra) it has been held or recognized that the part-performance of an oral contract for employment not to be performed within a year did not take the contract out of the statutes of fraud."
The annotator's conclusion is substantiated by decisions in other jurisdictions decided on facts similar to those in the case at bar. The facts here do not show fraud or other peculiar or unusual circumstances in the absence of which the courts of Florida have consistently applied the statute of frauds. Williams v. Faile, Fla.App. 1960, 118 So.2d 599. To the contrary, the facts show that the act or conduct relied on as constituting part-performance was the plaintiff's employment from week to week for which he was paid from week to week. Thus it cannot be said that his employment was exclusively referable to the agreement to pay a bonus. To like effect, the facts do not show that the plaintiff changed his position to his prejudice in reliance upon the oral agreement which he would not have done except for the agreement, or that the plaintiff has suffered the affliction of an unjust and unconscionable injury and loss in order that he might assert estoppel against the defendant in avoidance of the statute of frauds. 49 Am.Jur., Statute of Frauds, § 583.
The court properly determined that as to the application of the statute of frauds there was no genuine issue as to any material fact, and it correctly determined that on these facts the oral agreement was barred by the statute of frauds and that the defendant was entitled to summary judgment as a matter of law.
Affirmed.
SMITH, C.J., concurs.
JUSTICE, JOHN D., Associate Judge, dissents.
JUSTICE, JOHN D., Associate Judge (dissenting).
I must respectfully dissent from the majority opinion in this case. The lower court and those of the majority opinion found that this employment contract fell within the purview of the Statute of Frauds and that the conflict in the facts raised merely an issue that was not material to *81 a determination as to the sole question upon which this action was decided, both in the lower court and by the majority on appeal. I concur completely with these rulings, but at this juncture I must depart from their thinking. The lower court determined that the performance of the plaintiff did not take the contract out from the Statute of Frauds. I do not concur with the majority in sustaining the lower court on this ruling. The plaintiff performed his obligations under the employment contract fully and to the complete satisfaction of the defendant. This the defendant does not deny so the truth of this is established.
The majority supports its opinion by citing the authority of Battle v. Butler, 1939, 138 Fla. 392, 189 So. 846, and Miller v. Murray, Fla. 1953, 68 So.2d 594. These are actions in Specific Performance in which Specific Performance was denied under the circumstances of the cases. But the case at bar is not an action in Specific Performance. It is an action for damages.
I am in accord with the expressions of the Supreme Court of this State when it ruled in the case of Price v. Price, 1880, 17 Fla. 605, that while specific performance of an oral contract to convey real property cannot be enforced by virtue of being barred by the Statute of Frauds, "If the consideration was paid and nothing else was done toward carrying out the verbal contract, the purchaser can only have a remedy at law to recover the purchase money." Again, in the case of Mills v. Joiner, 1884, 20 Fla. 479, where a daughter rendered personal services to her father in consideration of his oral promise to convey realty to her, the Supreme Court held that while she could not obtain specific performance she could recover for her services in Quantum Meruit. The District Court of Appeal of Florida, First District, in the case of Neveils v. Thagard, Fla.App. 1962, 145 So.2d 495, citing the above two cases, held that where the purchase price for a piece of property had been paid and that the grantor refused to deliver a deed promised under an oral contract the plaintiff, purchaser, could recover under Quantum Meruit; though not on the express contract.
The Supreme Court in the case of Cottages, Miami Beach Inc. v. Wegman, Fla. 1951, 57 So.2d 439, held that "[g]enerally mere rendition of services by one in reliance upon another's parol promise to convey property is not sufficient part performance to take the oral agreement out of statute of frauds and warrant specific enforcement of it where the services are capable of adequate pecuniary measurement and compensation." (emphasis supplied) with cited authority indicating that the proper route of recovery is through an action at law.
No Florida case has been found directly concerned with bonus contracts as is here involved. It would appear however from the citations appearing in 6 A.L.R.2d 1053 and infra that the majority view is that full performance by one party to a contract of employment not to be performed within one year removes the contract from the operation of the Statute of Frauds and that recovery may be had in damages, in some states in Quantum Meruit and others on the contract itself. No justification reason has been advanced as to why a harsher rule should apply in Florida to one rendering full performance under a contract not to be performed within one year than to one who has rendered full performance under an oral contract of purchase of real property. I can think of none. The laws that apply to one should apply to the other.
Summary Judgments should be entered in those instances in which there is no conflict in the facts on a material issue and then only when there is no theory under which the opposing party could prevail in a trial of the cause.
In the case on appeal it is clear that the Supreme Court of this State has held from the earliest times that under facts *82 of the nature involved herein the plaintiff has a cause of action, if not on the contract, then in Quantum Meruit. The Supreme Court in the case of Hart Properties, Inc. v. Slack, Fla. 1963, 159 So.2d 236, and the various District Courts of Appeal in too many cases to mention have held that where Summary Judgment should be entered, yet matters indicate that the unsuccessful party may have a cause of action or defense not pleaded or a better one not pleaded, the proper procedure is to enter Summary Judgment with leave to amend.
That was not done in this case. This is substantial error which should not be permitted to stand. The case should be reversed and remanded with directions.