932 So.2d 567 (2006)
Phillip D. GUEST, Appellant,
v.
Larry D. CLAYCOMB and Lynn M. Claycomb, Appellee.
No. 5D05-2392.
District Court of Appeal of Florida, Fifth District.
June 30, 2006.
Michael W. Youkon, Port Orange, for Appellant.
Michael R. Riemenschneider and William H. Cantwell, II, of O'Brien Riemenschneider, Wattwood & Cantwell, P.A., Melbourne, for Appellee.
PALMER, J.
Phillip Guest appeals the trial court's final order entering summary judgment in favor of Lynn Claycomb and Larry Claycomb *568 on six counts of Guest's complaint based upon the statute of frauds. Finding that the statute of frauds does not apply to Guest's claims for constructive trust and equitable lien, we reverse as to those counts. We affirm as to all other counts.
Phillip Guest filed suit against Larry Claycomb and his daughter, Lynn Claycomb. Count I alleged a claim for ejectment, count II alleged a claim for fraud in the inducement, count III alleged a claim for breach of an oral contract and damages, count IV alleged a claim for breach of an oral contract and specific performance, count V alleged a claim for constructive trust, and count VI alleged a claim for equitable lien.
The complaint alleged that the Claycombs are in possession of real property located in Brevard County and that Guest and Lynn Claycomb entered into an oral agreement regarding the subject property. More specifically, the complaint avers that, at the time of the parties' oral agreement, Guest was in "financial difficulty and unable to secure additional credit" (in order to pay off the mortgage on the property), and Lynn Claycomb was a mortgage loan officer to whom Guest went to receive financial assistance. The complaint alleged that Claycomb agreed to obtain financing in her name on behalf of Guest, the funds from which would enable Guest to satisfy the mortgage on the property, pay off additional bills, and have approximately $10,000 in cash left over. However, before obtaining such financing, Claycomb "required" Guest to deed the subject property to her and her father, Larry, with the "oral agreement that [the Claycombs] would deed the property back to [Guest] upon repayment or assumption of the terms of the financing she arranged". The complaint avers that Guest complied with the terms of the parties' oral agreement by conveying ownership of the property to the Claycombs, but that in May 2001, when he prepared a deed which would convey the property back to him, the Claycombs refused to execute the deed.
Lynn Claycomb filed an answer generally denying liability and alleging several affirmative defenses including the statute of frauds.
Claycomb thereafter filed a motion for summary judgment arguing that she was entitled to receive a judgment in her favor on several theories, including the application of Florida's statute of frauds. Thereafter, the trial court entered an order summarily granting Claycomb's motion for summary judgment and entering judgment against Guest. This appeal timely followed.
Guest argues that the trial court erred in entering summary judgment against him claiming, among other things, that the evidence of record does not support the application of Florida's statute of frauds. We disagree as to all counts except counts V and VI.
Florida's statute of frauds is set forth in section 725.01 of the Florida Statutes (2005):
725.01. Promise to pay another's debt, etc.
No action shall be brought whereby to charge any executor or administrator upon any special promise to answer or pay any debt or damages out of her or his own estate, or whereby to charge the defendant upon any special promise to answer for the debt, default or miscarriage of another person or to charge any person upon any agreement made upon consideration of marriage, or upon any contract for the sale of lands, tenements or hereditaments, or of any uncertain interest in or concerning them, or for any lease thereof for a period *569 longer than 1 year, or upon any agreement that is not to be performed within the space of 1 year from the making thereof, or whereby to charge any health care provider upon any guarantee, warranty, or assurance as to the results of any medical, surgical, or diagnostic procedure performed by any physician licensed under chapter 458, osteopathic physician licensed under chapter 459, chiropractic physician licensed under chapter 460, podiatric physician licensed under chapter 461, or dentist licensed under chapter 466, unless the agreement or promise upon which such action shall be brought, or some note or memorandum thereof shall be in writing and signed by the party to be charged therewith or by some other person by her or him thereunto lawfully authorized.
(Emphasis added.)
In Cavallaro v. Stratford Homes, Inc., 784 So.2d 619 (Fla. 5th DCA 2001), our court explained:
Pursuant to the statute, no action can be brought to enforce a contract for the sale of land unless the contract is in writing and signed by the party to be charged. In order to be "an enforceable land sales contract, the statute of frauds... requires the contract to satisfy two threshold conditions. First, the contract must be embodied in a written memorandum signed by the party against whom enforcement is sought. Second, the written memorandum must disclose all of the essential terms of the sale and these terms may not be explained by resort to parol evidence." Socarras v. Claughton Hotels, Inc., 374 So.2d 1057, 1059 (Fla. 3d DCA 1979) (citations omitted).
Id. at 621.
Guest acknowledges that there is no proper written document memorializing the terms of the parties' oral agreement so as to avoid the defense of statute of frauds, but he argues that the doctrine does not apply to bar his lawsuit against Claycomb because the evidence of record demonstrates the applicability of two statute of frauds exceptions: (1) full/partial performance; and, (2) request for equitable relief.
As for the full/partial performance exception, Guest argues that he presented sufficient evidence below to at least create a material issue of disputed fact concerning whether the exception for full/partial performance should be applied in this case. We disagree.
In Miller v. Murray, 68 So.2d 594 (Fla. 1953), our Supreme Court explained that the governing principles by which part performance can remove an oral contract for the sale of land from the effect of the statute of frauds are well settled:
In addition to establishing the fact that an oral contract for sale was made, proof must be submitted as to the following: payment of all or part of the consideration, whether it be in money or in services; possession by the alleged vendee; and the making by the vendee of valuable and permanent improvements upon the land with the consent of the vendor  or, in the absence of improvements, the proof of such facts as would make the transaction a fraud upon the purchaser if it were not enforced.
Id. at 596 (citations omitted).
In his affidavit Guest defines the parties' oral agreement as follows: "In order for Ms. Claycomb to obtain financing, she convinced me to deed the Property to her and her father ... with the oral agreement that they would deed the Property back to me upon repayment or assumption of the terms of the financing she arranged." Although he stated in his affidavit *570 that he is "ready" to repay or assume the debt, Guest made no showing that he has repaid the debt or assumed the terms of the financing Claycomb arranged. As such, Guest failed to submit evidence sufficient to create a genuine issue of material fact concerning whether the parties' alleged oral agreement would have acted as a "fraud" upon him if it were not enforced. Miller v. Murray, 68 So.2d 594 (Fla.1953). Accordingly, Guest's claim that his performance bars the application of the statute of frauds is rejected as meritless.[1]
Guest also argues that the statute of frauds does not apply to bar counts V and VI of his lawsuit against the Claycombs because his claims for equitable relief are not barred by the statute of frauds. We agree.
In Williams v. Grogan, 100 So.2d 407, 410 (Fla.1958), our Supreme Court explained:
The rule is well established in Florida and elsewhere to the effect that when a person acquires title to property through the influence of a confidential relationship or otherwise obtains an advantage which he should not in good conscience be permitted to retain, a court of equity will prevent the abuse of the confidence and grant relief on the broad principle that one should not be permitted to be unjustly enriched under such circumstances at the expense of another.
The Court proceeded to explain that the court of equity will grant relief in such instances by imposing a constructive trust "which is created by operation of law" and "is not within the statute of frauds and may be proved by parol evidence." Id.
Here, Guest alleged an intimate relationship with Lynn Claycomb and set forth two counts in his complaint which requested equitable relief in the form of a constructive trust (count V) and an equitable lien (count VI). The Florida courts consistently hold that such claims are not barred by Florida's statute of frauds. Accordingly, the trial court's summary judgment order cannot be sustained on these two counts on the basis of the application of the statute of frauds. See Williams v. Grogan, 100 So.2d 407 (Fla.1958) (holding that where conveyance without consideration by son to mother of his interest in deceased father's estate was executed by son because of unlimited confidence in his mother and upon her assurance that she would take care of his interest, and son relied upon his mother and could assume that she would not devise his property to third parties and mother and ultimately her estate would be unjustly enriched to extent of son's interests in property left to him by his father which could be traced as to the assets of the mother's estate by the conveyance, son was entitled to relief by a decree that would construct a trust in his favor subject to any intervening rights of third parties acquired in good faith and for value); Hullum v. Bre-Lew Corp., 93 So.2d 727 (Fla.1957) (holding that the statute of frauds is not a bar to the imposition *571 of an equitable lien).[2]
The Claycombs' argument that all of the counts are precluded by the principle of res judicata, based upon a previously entered summary judgment in a different case, is rejected.
REVERSED and REMANDED as to Counts V and VI; otherwise AFFIRMED.
SHARP, W. and GRIFFIN, JJ., concur.
NOTES
[1] It should be noted that "the doctrine of part performance to excuse a failure to comply with the statute of frauds is not available in Florida to actions solely for money damages." Wharfside at Boca Pointe, Inc. v. Superior Bank, 741 So.2d 542 (Fla. 4th DCA 1999). Accord Hospital Corp. of America v. Associates In Adolescent Psychiatry, S.C., 605 So.2d 556 (Fla. 4th DCA 1992). As such, even if this court were to assume arguendo that this exception applies to the facts in this case, such application would not revive the two counts of Guest's complaint which seek recovery of money damages only: count II which alleges a claim for fraud in the inducement and count III which allege a claim for breach of an oral contract and damages.
[2] Although it is questionable whether the allegations of Guest are sufficient, as a matter of law, to support a claim for equitable lien, that issue is not before the court at this time.