FIREMAN'S FUND INSURANCE COMPANY OF SAN FRANCISCO, *Plaintiff in Error*, v. JOHN CRAVEY, *Defendant in Error*.

Division A.

Opinion filed April 6, 1931.

*Cockrell & Cockrell*, for Plaintiff in Error;

*Olliphant & Olliphant*, for Defendant in Error.

ELLIS, J.—John Cravey. brought an action in the Circuit Court for Polk County upon a policy of fire insurance against the Fireman's Fund Insurance Company and recovered a judgment for $1698.33 in April, 1928. A motion for a new trial was overruled and the defendant Insurance Company took a writ of error from this Court.

The property insured was a one story frame building with shingle roof occupied by a tenant as a dwelling house. The amount carried by the policy was $1500. The policy was dated February 17, 1926, and the name of the assured

was John Cravey. The declaration alleges that the house was destroyed by fire on June 16, 1926.

One of the stipulations contained in the policy subject to which according to its terms it was made and accepted was that the entire policy unless otherwise provided by agreement indorsed thereon and added to it should be void if the interest of the insured in the subject of the insurance be other than unconditional and sole ownership. The defendant pleaded that the plaintiff was not the sole and unconditional owner of the subject of insurance on June 16, 1926. Upon this and other issues the cause was tried.

A replication to this plea was somewhat evasive. It denied that the plaintiff was not the sole and unconditional owner of the property on June 16, 1926, and averred that while the property was occupied by another, L. N. Smith by name, yet the plaintiff "says that he the plaintiff was the owner of said premises". The evasive quality of this pleading renders it subject to the inference that the ownership of the property was not solely and unconditionally in the plaintiff.

Whatever may have been the pleader's intention in drafting the replication it can be gathered only from the words used. And the evidence justifies the inference drawn from the language of the pleading, viz: that the plaintiff was not the sole and unconditional owner of the property on June 16, 1926.

The plaintiff on cross examination testified as follows:

"I bought this property about 1913 and lived in it nine or ten years, then I rented it for a while, then I came into contact with Mr. L. N. Smith and made a trade to sell the property to him, we had an understanding and an agreement, he gave me $100.00 on the purchase price and took possession of the property. He went into occupancy about the first of 1925, he gave me a

check for $100.00 on account of the purchase price. He was still occupying the property at the time of the fire. Under the agreement I had with him he continued to occupy the property. He was still on the property when the fire occurred, I couldn't get him off, I had an oral agreement with Mr. Smith by which I agreed to sell and he agreed to buy from me the property, and pursuant to that agreement Mr. Smith gave me a check for $100.00 to bind the bargain and was to pay $1000.00 more.''

The defendant's witness, L. N. Smith, testified as follows:

''My name is L. N. Smith. I lived at Bradley Junction. I have lived there since 1924. I am familiar with the property described in the insurance policy. I know Mr. John Cravey. I had a business transaction with Mr. Cravey with reference to that property. I went into an agreement with Mr. Cravey to buy that property. I paid him $100.00 on it. I gave him a check. Here is the check I gave him.·

''Thereupon defendant by counsel offered the check identified by this witness in evidence.

4967-J-555

Defendant's Exhibit (1)

Filed in evidence April 11, 1928

J. D. Raulerson, Clerk.

Plant City, Fla. 12/8/1924 No.————

HILLSBORO STATE BANK 63-98 Pay to John Cravey or order $100.00 One Hundred Dollars. Binder on House & 7 lots L. N. SMITH

(N.P.53-185)

Endorsed on back J. W. Cravey John Cravey

Pay to the order of any bank or banker, prior endorsements guaranteed DEC 31 1924.

EXCHANGE NATIONAL BANK

63-27 Tampa, Fla. 63-27

John O. Perry, Cashier

Pay to the order of any bank or banker DEC 29, 1924
BANK OF MULBERRY
63-185　　　　　　Mulberry, Fla.　　　　　63-185
A. D. Denham, Cashier.

"I gave the check to Mr. Cravey who cashed it. When the trade was made Mr. Cravey moved another man out and gave me possession of the place and I moved in. I lived there from that time until the 15th of June when it was burned. I was living there at the time it burned down. I had agreed to pay to Mr. Cravey this $100.00 binder and in three months to pay him $1000.00, which would have completed the trade; I had $1000.00 coming through a Federal loan, and when the three months run and I had the money and called Mr. Cravey's attention to the fact the money was there, and he said he didn't have the title ready at that time, so I told him that if he didn't think he could get the title ready soon that I could use my thousand dollars; I owed Mr. Dock Durrance some money, and Mr. Cravey said that if Mr. Dock Durrance would give him credit for that amount, to go ahead and use the money and let Mr. Durrance take a note on the property when he got his papers straight. I was to pay the thousand dollars when he got his papers straight and he agreed to get the papers straight in three months and then we went into an agreement that Mr. Durrance would give him credit for the one thousand dollars and take papers on me, and the papers were not completed at the time the house burned, but I was ready to complete the trade and have always been ready, able and willing to complete it."

Smith made improvements upon the property amounting to $540.00 which included painting the house and some repairs upon it. He remained in possession with the consent of the plaintiff pending the perfection by the latter of his merchantable title to the property so that

he could convey it. These conditions were sufficient to support the plea that the plaintiff was not the sole and unconditional owner.. They took the purchase of the property out of the Statute of Frauds and vested in the purchaser an equity enforceable in chancery. See Tate v. Jones, 16 Fla. 216; Williams v. Bailey, 69 Fla. 225, 67 South. Rep. 877; Maloy v. Boyett, 53 ·Fla. 956, 43 South. Rep. 243.

The verdict was erroneous. The motion for a new trial should have been granted. It is unnecessary to discuss other features of the case.

The judgment is reversed.

BUFORD, C.J., AND BROWN, J., concur.

WHITFIELD, P.J., AND TERRELL,. AND DAVIS, J.J., concur in the opinion and judgment.