PIERCE, Judge.
This is an interlocutory appeal from an order granting motion to dismiss Count I of an amended complaint filed by appellant Marion R. Avery, as plaintiff below, and against the heirs of Flossie R. Blair, deceased, and the administrator bank of her estate, defendants below.
The sole question presented here for determination is the sufficiency of the amended Count I, hereinafter referred to as Count I, to state a cause of action, namely, whether the averments, if true, were sufficient to warrant an equity Court in decreeing specific performance of an oral contract *252 between Flossie R. Blair, since deceased, and Marion R. Avery, whereby the former had allegedly agreed to convey to the latter certain described real estate, known as “Blair Acres”, in consideration of rendition by Avery of certain personal services to her during her lifetime. The Chancellor held, that, as a matter of law, plaintiff was required to allege, in addition to part performance on his part, that he had been in possession of the premises involved, pursuant to the oral contract, and that inasmuch as such possession was not alleged, and plaintiff conceding that he could not show such possession, specific performance of the contract was not warranted. Count I, which is the only count here involved, was thereupon dismissed with prejudice. We agree with the Chancellor, and therefore affirm.
Said Count I alleged substantially the following facts: that on July 4, 1950, Flossie R. Blair, being the sole owner of certain described lands in Hillsborough County known as “Blair Acres”, orally contracted with plaintiff Avery that if he would “assist” her “in the running of Blair Acres and other personal businesses” and “in and about her person and needs and be always on call as he was needed, at no charge”, “she would, prior to her death, convey” said premises to Avery “at a price to be agreed upon prior to” her death, “not exceeding the fair market value of the property” at such time, “and with due credit” for Avery’s “endeavors, labor and expenditure in and about the premises of Blair Acres and for the personal services, comforts, and conveniences furnished” to Mrs. Blair; that on August 15, 1966, Mrs. Blair and Avery agreed on the sum of $95,000.00 as the cash consideration for the conveyance; that from July 4, 1950 to her death on January 18, 1967, plaintiff Avery “faithfully performed on the aforesaid contract, treating, tending and feeding the cattle and animals on Blair Acres, maintaining and assisting in the maintenance of the premises, loaning money” to her, “counselling and assisting” her “in the management and running of the premises * * * and in and about her person without payment and in reliance on the oral contract between” them; that Mrs. Blair never “made the agreed conveyance” to Avery though he was at all times “ready, willing and able to complete the said oral contract by payment of the $95,000.00”; that although the contract between them “was oral in nature, the relationship” between them “was of such a close and personal nature” and his services under the contract were so “incapable of monetary measurements that it would be inequitable, unconscionable and unjust and constitute an unduly harsh burden and loss” upon him if conveyance of Blair Acres was not presently decreed. Plaintiff Avery prayed for a decree ordering conveyance of the premises to him upon the payment of the $95,000.00.
The defendants moved to dismiss said Count I on numerous grounds, the Court granted the motion, and plaintiff Avery has appealed here.
As stated, the sole question before this Court is whether the allegations of Count I, the substance of which has just been narrated, could warrant a decree for specific performance. Two crucial facts are conceded: (1) the agreement, if any, between Mrs. Blair and plaintiff Avery was entirely oral' — nothing in writing; and (2) Avery was never in possession of the real property involved or any portion thereof.
It is axiomatic that, under the Statute of Frauds, F.S. § 725.01 F.S.A., a mere oral contract for sale of lands is not enforceable in Florida. It is also fairly well established that such rule is subject to certain recognizable factual exceptions. We therefore review the Florida decisions that throw light upon the instant controversy.
The Supreme Court in Wilson v. Wilson, 1938, 132 Fla. 518, 181 So. 385, stated the following:
“This suit was brought against the administrator and the heirs of an elderly *253 lady decedent, to require conveyances in the nature of a specific performance of an alleged oral contract of the decedent with her nephew * * *; the alleged consideration for the oral contract being personal attentions and business services and assistance rendered by the plaintiff nephew to the decedent at her request during the last months of her life.
The chancellor dismissed the bill of complaint on motion, and plaintiff appealed.
It is not alleged that the decedent intentionally put the plaintiff into actual possession or control of any portion of the land * * * in consideration of the aforesaid personal attentions and business services and assistance, even if that would make a case for the relief prayed.
Considered as an entirety, the allegations of the bill of complaint are legally insufficient to justify a decree for the relief prayed”. (Emphasis supplied).
In Battle v. Butler, 1939, 138 Fla. 392, 189 So. 846, the Supreme Court held that an oral contract by which an owner agreed to convey or devise a part of the realty holding to a relative, who thereafter actually lived with the owner and his wife as their daughter, “was invalid under [the] statute of frauds and would not be specifically enforced, where there was no written memorandum and no delivery of possession of any property”. (Emphasis supplied) The aforesaid rule stated in Wilson was quoted as authority for the holding in Battle.
In Gable v. Miller, Fla.1958, 104 So.2d 358, plaintiff Anna Miller sued the administrator and heirs at law of a decedent for specific performance of an oral contract whereby the decedent allegedly had promised if she would reside with him in his home and perform services therein such as cooking, housekeeping, cleaning the house, and otherwise taking care of him in his declining years, “ ‘he would pay her $25.00 cash per week, buy a new car for her, and further promised that before his death he would will to the plaintiff the said lot 5 and improvements thereon and the furniture, furnishings and fixtures contained * * * ’ therein and that she [plaintiff Miller] had accepted said offer and fully performed her portion of the agreement, but that [the decedent] had not willed her his home and the contents nor purchased her a new car, although he had paid her $25 per week”. While the decision of the Supreme Court “went off” on the question of the degree of proof necessary to establish the existence of the oral contract, the opinion went further and stated that—
“ * * * we are of the opinion that had we found the proof of the existence and terms of the contract to be sufficient, we would nevertheless have been required to reverse the cause for lack of proof of the element of possession by plaintiff. See Williams v. Bailey, 1915, 69 Fla. 225, 67 So. 877, supra; Wilson v. Wilson, 1938, 132 Fla. 518, 181 So. 385; Green v. Price, Fla.1953, 63 So.2d 337; 49 Am.Jur., Statute of Frauds, Sec. 521, and 37 C.J.S. Frauds Statute of § 252(a) (2).” (Emphasis supplied).
The Florida Supreme Court has consistently held that a verbal contract to convey real estate may be enforced by specific performance, provided the owner has placed the prospective grantee in possession of all or a substantial part of the premises involved, coupled with the existence of one or more other pertinent factors. Such “other pertinent factors” have been — where the prospective grantee has “paid the purchase money, erected a dwelling house on the land, enlarged the enclosures, [and] set out many fruit trees”, Tate’s Adm’r. v. Jones’ Ex’r., Fla.1877, 16 Fla. 216—or “has paid a part of the purchase price”, Clark & Lewis v. Gardner, 1926, 91 Fla. 1059, 109 So. 192; Pedrick v. Vidal, 1928, 95 Fla. 952, 116 So. 857; Dixon v. Clayton, Fla. 1950, 44 So.2d 76; Crossman v. Fontainebleau Hotel Corp., (1959) CA 5 Fla., 273 F.2d 720; 80 A.L.R.2d 415; S. Lemel, Inc. v. 27th Avenue Farmer’s Market, Inc., Fla.App.1961, 126 So.2d 167—or when he has substantially “improved the property”, Tay *254 lor v. Mathews, 1907, 53 Fla. 776, 44 So. 146; Board of Public Instruction of Palm Beach County v. McDonald, 1940, 143 Fla. 377, 196 So. 859—or where the daughter of the father-owner “left her home in New York and moved to Florida with her child, took possession and rendered services in managing and operating the property” which services were not “capable of adequate pecuniary measurement and compensation”, Cottages, Miami Beach, Inc. v. Wegman, Fla.1952, 57 So.2d 439.
But in addition to the one or more “added considerations” quoted above, there must always be the indispensable element of possession of the premises on the part of the impending grantee, as it was in each of the foregoing cases. Possession is the one common denominator in all the cases. If there is no possession given, the oral contract to convey is not enforceable, regardless of the other considerations aforesaid.
Thus, payment of the purchase price of the land alone is not enough, his remedy being at law for recovery of his monetary consideration. Neal v. Gregory, Fla.1882, 19 Fla. 356. Nor is the “mere rendition of services by [one] in reliance upon another’s parol promise to convey real estate to him * * * sufficient * * * to * * * warrant specific performance of [it] where the services are capable of adequate pecuniary measurement and compensation”. Cottages, Miami Beach, Inc. v. Wegman, supra. Nor “paying part of price, and making improvements”. Fireman’s Fund Ins. Co. of San Francisco v. Cravey, 1931, 101 Fla. 155, 134 So. 232. Nor payment of consideration and “the making * * * of valuable and permanent improvements upon the land with the consent or acquiescence of the vendor”. Baker v. Rice, Fla.1948, 37 So.2d 837.
The second appearance of the Wegman case in the Supreme Court, Fla.1952, 59 So.2d 528, sheds further light upon the necessity of possession. It was made to appear, after the first opinion in the case in 57 So.2d 439, supra, that appellee Wegman had perhaps never been in possession of a certain part of the land involved, known as the “Bayfront Tract”, and the Supreme Court thereupon, of its own motion, wrote a supplementary opinion, which is inter alia as follows:
“Counsel for appellants insist there is no showing in the record that Elsie Weg-man, appellee herein, was ever in possession of the tract or parcel of land known as the ‘Bayfront Tract’. They contend, therefore, that since our original opinion is predicated upon the theory that the Statute of Frauds, F.S.A. § 725.01, is not a bar to the enforcement of the oral agreement to convey an interest in the subject real property, because Elsie Weg-man was in possession thereof and had in part performed the contract, our opinion and judgment must be modified with reference to the parcel of land known and designated as the ‘Bayfront Tract’.
* * * * * *
Consequently, * * * we have decided sua sponte to remand this cause * * * to permit * * * a reopening of the case * * * to determine whether Elsie Wegman was in possession of the ‘Bay-front Tract’ under her agreement with her father * * *. If further proceedings should be taken in this matter and the Chancellor should determine that Elsie Wegman did not have possession of the ‘Bayfront Tract’ during the period of time within which she was performing her part of the contract, an appropriate modification of the final decree should be made denying relief to her in connection with said ‘Bayfront Tract’ ”. (Emphasis supplied).
In the case of Rowland v. Ewell, Fla.App.1965, 174 So.2d 78, this 2nd District Court, while the oral contract there involved did not concern real estate, took occasion to review and construe the previous Florida cases involving realty in like circumstances, as follows:
“The Florida courts have held that part or complete performance of an agree *255 ment, not capable of performance within one year and not in writing may be enforced under certain circumstances. The cases which have set forth exceptions have involved contracts for the purchase of realty, Battle v. Butler, 1939, 138 Fla. 392, 189 So. 846. This case and the others involving contracts for purchase of realty uniformly hold that the elements necessary to take them out from under the operation of the statute of frauds are that the purchaser must enter into possession, pay all or at least a part of the consideration, and make valuable and permanent improvements. Undoubtedly, this exception has been recognized under such circumstances because the acts are consistent with the existence of a contractual relationship.
On the other hand, in Miller v. Murray, Fla.1953, 68 So.2d 594, enforcement of an alleged oral contract to purchase realty was denied because the plaintiff had previously leased the premises. The court denied the relief requested because the possessory interest of the plaintiff, as well as the other acts relied on as constituting part performance were as ‘equally as consistent with a tenancy status’ as with that of a vendee. The act or conduct relied on as constituting part performance must be referable exclusively to the contract and nothing else. Purvis v. Malloy, etc., 1937, 129 Fla. 191, 176 So. 71; Miller v. Murray, supra.” (Emphasis supplied).
Upon the controlling authority of the foregoing cases, we are constrained to hold that Count I in the case sub judice was deficient for failure to allege that plaintiff Avery had been in possession of the premises involved, and that the Chancellor was without error in granting motion to dismiss the same.
This in no way affects the right of plaintiff to sue for the value of his alleged services to the decedent Mrs. Blair during her lifetime, as indeed he is seeking so to do in Count II in the instant case, and his right of recovery therein will be governed by and dependent upon the rules of law pertaining to such action for monetary damages.
The interlocutory order appealed from is thereupon
Affirmed.
LILES, C. J., and ALLEN, J., concur.