PER CURIAM.
Esther Wolf, plaintiff in the trial court, seeks reversal of an order dismissing with prejudice her amended complaint to recover money allegedly given to the defendant, her son-in-law, towards the purchase of a condominium.
In the fall of 1974 Esther Wolf and the defendant, Sam Malevani, who at the time *950 was married to Mrs. Wolf’s daughter, allegedly entered into an oral agreement whereby Wolf would be permitted to live with her daughter and son-in-law in a two bedroom condominium if she would contribute money towards its purchase. Wolf alleges she contributed a substantial sum of money; but prior to the purchase, her daughter died and now Malevani refuses to allow her to live in the condominium as agreed. Wolf filed a complaint and thereafter, pursuant to an agreed order of the parties, an amended complaint to recover from Malevani the monies she contributed on the theories of unjust enrichment and promissory estoppel. Malevani filed a motion to dismiss on the ground Wolf was barred from recovery by the Statute of Frauds, Section 725.01, Florida Statutes (1975). After hearing argument on this motion, the trial judge entered an order dismissing the amended complaint. We reverse.
Esther is not seeking to enforce the alleged oral agreement, but merely is asking for restitution, her remedy at law for recovery of her monetary consideration. Therefore, recovery is not barred by the Statute of Frauds. See Neal v. Gregory, 19 Fla. 356 (1882); Avery v. Marine Bank & Trust Company, 216 So.2d 251 (Fla.2d DCA 1965). It appears that the following quote from Cook v. Adams, 89 So.2d 6, 8 (Fla.1956) may be applicable to the instant cause of action:
“[3] This case is typical of many in which those of advanced years pledge their lands and belongings to others to take care of them for the balance of life and when the burden becomes onerous, the pledgee welches on the bargain.”
Reversed.