DANAHY, Judge.
The question before us is the sufficiency of the allegations of an amended complaint seeking enforcement of an oral agreement to devise real property. The trial judge found the amended complaint sufficient to withstand a motion to dismiss. We reverse.
The following is a summary of the essential facts alleged in the amended complaint:
1. In 1947, appellee/plaintiff (Popped) entered into an oral agreement with his uncle, now deceased (the decedent), under which Popped agreed to render certain services to the decedent during the decedent’s lifetime in return for the decedent’s agreement to make a will so as to compensate Popped for these services in the amount of “½ section (320) acres of land, or the value thereof.”
2. From 1947 until the death of the decedent in 1976, Popped rendered the services as agreed upon, thus fulfilling his obligations under the agreement.
3. The decedent did not perform his obligations under the agreement in that he failed to execute a will devising the land or the value thereof to Popped.
Poppell's amended complaint demanded specific performance or, in the alternative, damages for breach of the agreement or, in the alternative, restitution. Appellant/defendant, personal representative of the decedent’s estate, filed a motion to dismiss Poppell’s amended complaint on the ground, inter alia, that the claim alleged in the amended complaint is barred by the Statute of Frauds, now found in Section 725.01, *21 Florida Statutes (1977). The parties agree that this statute is applicable here.[1]
In support of and in opposition to the motion to dismiss, the parties argued the applicability of Battle v. Butler, 138 Fla. 392, 189 So. 846 (1939). In that case, the supreme court followed a Texas case[2] in adopting the rule that, in order to constitute part performance sufficient to take an oral agreement to devise real property out from under the Statute of Frauds, delivery of possession of the real property is required. In the case at bar, the trial judge specifically declined to follow the rule of the Texas case adopted in Battle v. Butler, stating that “the practical effect of this would be to effectively prohibit enforcement of any oral agreement for a will since inter vivos transfer of possession is ordinarily irrelevant to testamentary devise.”
With all due respect to the feeling of the trial judge that the rule of the Battle case is too restrictive, we must nevertheless reverse on the ground that the holding of Battle controls here. No case has been cited to us, nor can we find any, which recedes from the rule stated in Battle. On the contrary, this court has had occasion to expressly follow the Battle holding in a case involving an oral agreement to convey real property. Avery v. Marine Bank & Trust Company, 216 So.2d 251 (Fla. 2d DCA 1968). Battle and Avery tell us that, as far as the necessity of possession is concerned, there is no distinction between an oral agreement to convey real property and an oral agreement to devise real property. We are bound by those decisions, and hold that delivery of possession is essential in both instances.
Poppell has argued to us that he may be able to further amend his complaint so as to allege delivery of possession to him of the property in question by the decedent. This apparently is for the reason that the services rendered by Poppell concerned the operation of a ranch on that property. We think Poppell should be given an opportunity to further amend so as to include any such allegations, if he is able to do so. However, we caution that the necessary possession must be shown to have been with the acquiescence of the decedent and referable exclusively to the alleged agreement. Accord, Avery v. Marine Bank & Trust Company, supra, and cases cited therein; Binninger v. Hutchinson, 355 So.2d 863 (Fla. 1st DCA 1978).
Lastly, Poppell argues that he is at least entitled to stay in court to recover the reasonable value of the services which he rendered to the decedent. In this court, appellant/defendant agreed, and so do we. Avery v. Marine Bank & Trust Company, supra. However, the complaint should be appropriately amended to state clearly that basis for recovery.
Accordingly, this case is remanded with instructions to enter an order dismissing Poppell’s amended complaint with leave to file a further amended complaint in accordance with this opinion.
BOARDMAN, C. J., and RYDER, J., concur.

. Former § 731.051, Fla.Stat. (1957), now incorporated in § 732.701, Fla.Stat. (1977), provided that no agreement to make a will or to give a legacy was binding or enforceable unless such agreement was in writing signed in the presence of two subscribing witnesses by the person whose executor or administrator was sought to be charged. That section, however, was applicable only to agreements made on or after January 1, 1958.

. Hooks v. Bridgewater, 111 Tex. 122, 229 S.W. 1114 (1921).