428 So.2d 382 (1983)
Gerald R. SMITH and Joan Smith, Appellants,
v.
Gordon E. HAMILTON, Appellee.
No. 82-123.
District Court of Appeal of Florida, Fourth District.
March 23, 1983.
Rehearing Denied April 8, 1983.
*383 Richard S. Womble of Fertig & Curtis, P.A., Fort Lauderdale, for appellants.
Thomas R. Tatum of Buck & Tatum, P.A., Fort Lauderdale, for appellee.
DELL, Judge.
Gerald and Joan Smith appeal a final judgment ordering specific performance of a contract to convey real property to appellee Gordon Hamilton.
The Smiths were married on August 23, 1978, and lived in a condominium apartment. On December 11, 1978, Gerald Smith listed an unoccupied house, which he owned individually, with a real estate broker. On January 2, 1979, appellee submitted a deposit receipt contract for sale and purchase of the property. Gerald Smith signed the contract after making handwritten changes. Mrs. Smith did not sign the contract. On January 6th, 1979, appellee accepted seller's counteroffer. However, on or about January 21, 1979, the broker notified appellee that the Smiths "were going to move back into the house and that they did not intend to close." Appellee filed suit for specific performance.
The trial court first set the case for trial on April 6, 1981, and thereafter, rescheduled the trial date on several occasions, including June 1, 1981, but at the defendant's request, the court continued the trial to September 28, 1981. On September 2, 1981 the court reset the case for non-jury trial during the week of September 21st. After hearing the evidence the trial court resolved the issues of fact in favor of the appellee and found that neither Gerald nor Joan Smith resided at the home prior to January 6th, 1979 and further found that Gerald R. Smith's stated intention to establish the property as his homestead was inconsistent and incompatible with his actions in offering the property for sale and in executing the sales contract.
The Smiths raise three points on appeal, two of which require discussion. First, they contend that the trial court erred when it determined that the Smiths had failed to establish the subject real property as homestead property, and second, that the trial court violated Florida Rule of Civil Procedure 1.440(b) when it set the trial only nineteen days after the notice of trial.
The Florida Constitution provides that:
The homestead shall not be subject to devise if the owner is survived by spouse or minor child, except the homestead may be devised to the owner's spouse if there be no minor child. The owner of homestead real estate, joined by the spouse if married, may alienate the homestead by mortgage, sale or gift and, if married, may by deed transfer the title to an estate by the entirety with the spouse... . Fla. Const., art. X, § 4(c) (1968, amended 1972).
The Constitutional prohibition against forced sale of the homestead without joinder of the spouse applies only if the property constituted a homestead at the time the lien or interest of the third party attaches. Avila South Condominium Association, Inc. v. Kappa Corp., 347 So.2d 599, 605 (Fla. 1977). By their own admission, appellants never lived in the house from the date of their marriage until December 29, 1978. Homestead could not have attached earlier than that date. This case turns on the trial court's finding that homestead did not attach prior to January 6, 1979, the date that appellees acquired beneficial interest in the property. A trial court's finding will not be disturbed, although based on conflicting evidence, unless that finding is *384 based on clearly erroneous evidence. Mori v. Matsushita Elec. Corp. of America, 380 So.2d 461, 463 (Fla. 3d DCA 1980), cert. denied, 389 So.2d 1112 (Fla. 1980).
The Smiths argue that the trial court should have found that they established their intent to create a homestead interest because of their efforts to repair the home and their efforts to prepare the home for occupancy. Property may achieve homestead status sufficient to avoid a conveyance if the owner intends to occupy the premises as a home, and performs specific acts to prepare the property for that intended use. Semple v. Semple, 82 Fla. 138, 89 So. 638 (1921). The Semple decision went on to hold that any inference of homestead status in unoccupied land being prepared for occupancy may be destroyed by acts of the owner contrary to any homestead intent. Gerald Smith's actions in listing the house for sale with a broker, signing the deposit receipt contract, and making a counter-offer that the buyer accepted support the trial court's finding that he lacked the requisite intent to establish the house as his homestead. The Smiths' other acts to repair the house present only conflicting evidence on homestead intent which the trial court found did not support appellants' homestead claim. Our review of the record satisfies us that there is sufficient competent evidence to support the trial court's order granting specific performance.
We find no merit in the Smiths' contention that the trial court violated Florida Rule of Civil Procedure 1.440(b) by giving only nineteen days notice of the date set for trial. On August 26th, the Smiths filed a motion to continue and/or abate alleging that the State of Florida had commenced forfeiture proceedings regarding the subject property. They apparently were out of the country and their counsel had to rely upon them to contact him. On September 2, 1981, the trial court reset the trial date from September 28 to September 21, 1981. Their counsel waited until the commencement of the trial to move for a continuance and asserted for the first time that he was unable to locate his clients to notify them of the trial. He had made no effort to obtain a continuance prior to that date. The Smiths had ample opportunity to prepare for trial since the trial court had first set the case for trial 6 months earlier, and they provided no excuse for their failure to move for a continuance until the commencement of trial. We find that the trial court properly acted within its discretion in denying the Smiths' motion for a continuance.
Accordingly, we affirm the final judgment granting specific performance in favor of the appellee.
AFFIRMED.
HURLEY, J., and PURDY, H. MARK, Associate Judge, concur.