460 So.2d 585 (1984)
UNITED COMPANIES FINANCIAL CORPORATION, Appellant,
v.
Robert E. HUGHES, Sr., Trustee, and Michael E. Broyhill, Appellees.
No. 84-318.
District Court of Appeal of Florida, Second District.
December 21, 1984.
*586 James M. Shuler and Charles L. Weissing of Kass, Hodges & Massari, Tampa, for appellant.
Stuart M. Rosenblum, Clearwater, for appellee Hughes.
SCHEB, Acting Chief Judge.
The trial court awarded attorneys' fees to defendants Robert Hughes and Michael Broyhill in a mortgage foreclosure suit on the authority of section 57.105, Florida Statutes (1983). The plaintiff, United Companies Financial Corporation, contends that there were justiciable issues of fact and law in this litigation, and, therefore, the trial court erred in assessing attorneys' fees under the statute. We agree and vacate the award.
Michael Broyhill executed a second mortgage to plaintiff's predecessor in 1982. The mortgage contained a "due-on-sale" clause which provided that if the mortgaged property was sold or transferred without the mortgagee's prior written consent, the mortgagee could declare sums secured by the mortgage to be immediately due and payable. Broyhill subsequently transferred the property secured by the mortgage to Robert Hughes, as trustee, without obtaining the mortgagee's prior written consent.
Although United Companies accepted Hughes' check covering past-due mortgage payments, it filed suit to foreclose. United alleged that the defendants violated the due-on-sale clause by not obtaining the mortgagee's consent to the sale and by not furnishing details of the transfer from Broyhill to Hughes. After the court denied a motion for judgment on the pleadings, the case was heard at a nonjury trial. There was a conflict in the evidence as to whether United actually received information concerning the identity and status of the purchaser of the property. United argued that its security had been impaired because this information was not furnished to it and justified its exercise of its option *587 to invoke the due-on-sale clause on that basis. The trial judge heard arguments on the law as to whether there was, in fact, a violation of the due-on-sale clause and, if so, whether such a violation was merely technical and would not justify foreclosure.
At the conclusion of the nonjury trial, the trial court denied foreclosure. Thereafter, the successful defendants filed motions for attorneys' fees under section 57.105. After hearing the motions the trial judge said he was "75% convinced" that there was an absence of justiciable issues and it appeared the suit was motivated by a vendetta. The court assessed $3,500 attorneys' fees against the plaintiff. On appeal, United only raises the issue of the award of fees.
Section 57.105 provides for the award of reasonable attorneys' fees to the prevailing party when the court finds "that there was a complete absence of a justiciable issue of either law or fact raised by the losing party." The purpose of the statute is to discourage baseless claims, stonewall defenses, and sham appeals in civil litigation by placing a price tag through attorneys' fees awards on losing parties who engage in such activities. Whitten v. Progressive Casualty Insurance Co., 410 So.2d 501 (Fla. 1982). Yet, courts must carefully balance invocation of the statute against the right of access to the courts guaranteed under the Florida Constitution. See Art. I, § 21, Fla. Const. Therefore, before an award can be made, the trial court must find that the losing party's action or defense was frivolous. In sum, to justify an award against an unsuccessful plaintiff, the action must be so clearly devoid of merit, both on the facts and the law, as to be completely untenable. Wall v. Department of Transportation, 455 So.2d 1138 (Fla. 2d DCA 1984); Allen v. Estate of Dutton, 384 So.2d 171 (Fla. 5th DCA), petition for review denied, 392 So.2d 1373 (Fla. 1980).
Regarding the existence of any justiciable issues of law, United Companies argued that a mortgagee may enforce a due-on-sale clause as long as its security is impaired. First Federal Savings & Loan v. Lockwood, 385 So.2d 156 (Fla. 2d DCA 1980). Concededly, there was no impairment of security here which resulted from any delinquency in mortgage payments. Defendants, however, seek to sustain the trial court's judgment on the ground that Florida courts refuse to grant foreclosure for "technical violations" of a mortgage clause as existed here. See Delgado v. Strong, 360 So.2d 73 (Fla. 1978). United, on the other hand, points to decisions from various jurisdictions which hold that such a clause may properly be invoked to protect the mortgagee from legitimate threats of increased credit risks, such as an unidentified obligor. Since United appears to have raised legitimate arguable points, it is difficult to say that there was no justiciable issue of law.
Furthermore, as noted, there was a conflict in the evidence as to whether United received information concerning the identity and status of the actual purchaser of the property. Thus, justiciable issues of fact were present.
As noted, there must be a complete absence of justiciable issues of fact and law in order for the court to make an award under section 57.105. In this case the trial judge remained only "75% convinced" that there was an absence of such judicial issues. Such a finding is insufficient to show the foreclosure action was frivolous. Consequently, it was improper for the court to award attorneys' fees.
We reverse and remand with directions to the trial court to vacate the judgment for attorneys' fees.
OTT, J., and STEINBERG, RALPH, Associate Judge, concur.