BLOOM, PHILIP, Associate Judge.
This action arose out of an oral contract in which appellant, Anne Renfro, agreed to provide nursing, general care and other services to appellee, Marie Vandugteren, in exchange for appellee’s agreement to name appellant as the principal beneficiary in ap-pellee’s Last Will and Testament. Based in substantial part on that oral contract and the conduct of the parties pursuant thereto, appellant Renfro filed her amended complaint against appellee Vandugteren, containing four counts seeking damages, quantum meruit, specific performance and declaratory relief. During the proceedings, appellee died, and her personal representative was substituted.
In her answer, appellee admitted the existence of the oral contract and acknowledged the fact that she made a will with witnesses pursuant to that agreement. Appellee subsequently made a new will completely eliminating appellant as a beneficiary. Appellee’s affirmative defenses were that: appellant had breached her agreement with appellee by failing to provide services which she should have provided to appellee pursuant to said agreement; appellant was paid by appellee for all or some of the services that she rendered to appellee; and all of appellant’s claims for *691 relief that were based upon any oral agreement by appellee to make a will naming appellant as beneficiary were barred by section 732.701 and/or section 725.01, Florida Statutes (1985).
A non-jury trial was held, and a final judgment was entered below in which the trial court dismissed all counts of the amended complaint except that for quantum meruit. The trial court ruled in favor of appellant in the amount of $4,000 as to quantum meruit. The court below further held that the appellant would be entitled to costs and that each party would be responsible for her own attorney’s fees.
It is clear from the nature of the oral agreement that the primary purpose of that agreement was to provide services to the testatrix (appellee) during her lifetime in exchange for the agreement by the testatrix to make a will devising real property to the appellant. As such, section 732.701, Florida Statutes (1985), is on point. That section states:
(1) No agreement to make a will, to give a devise, not to revoke a will, not to revoke a devise, not to make a will, or not to make a devise shall be binding or enforceable unless the agreement is in writing and signed by the agreeing party in the presence of two attesting witnesses.
There are no exceptions by the legislature to that section and that statute makes no distinction as to whether the promisor was alive or deceased. Section 732.701 comports with the required formalities of will-making as contained in section 732.502 and is a reasonable requirement for the enforceability of agreements to make wills. Any other interpretation, such as applying the part performance doctrine to remove the agreement from the operation of the Statute of Frauds (section 725.01) would permit by indirection that which cannot be done directly. See Lanier v. Poppell, 359 So.2d 20 (Fla. 2d DCA 1978); Battle v. Butler, 138 Fla. 392, 189 So. 846 (1939); and Teubner v. El-Dick, 449 So.2d 372 (Fla. 4th DCA 1984), to the effect that to remove an oral contract from the Statute of Frauds and to enforce that agreement, there must be proof of delivery of possession of the real property, which was never accomplished in this case.
In First Gulf Beach Bank and Trust Company v. Grubaugh, 330 So.2d 205, 210 (Fla. 2d DCA 1976), the court, in considering section 731.051 (the predecessor statute to section 732.701), stated:
Upon reflection, we are persuaded that Fla.Stat. § 731.051 is not a typical statute of frauds. The statute of frauds already applied to contracts to make devises of realty. By the passage of a separate statute containing different wording, we believe the legislature had more in mind than simply extending the statute of frauds to contracts for bequests of personalty. Fla.Stat. § 731.051 is specifically intended to require that one who contracts to make a will should do so with substantially the same formalities as when he executes his will. To permit part performance or an unwit-nessed writing to obviate the statute would be to thwart its obvious purpose.
Similarly, in Silianoff v. Silianoff, 399 So.2d 462 (Fla. 2d DCA 1981), the court held:
In this state an oral agreement to make a will is unenforceable. § 732.701, Fla.Stat. (1975). It makes no difference where the agreement is made, or that it might be perfectly valid there; it is a nullity, insofar as Florida assets of the decedent are concerned. First Gulf Beach Bank and Trust Company v. Grubaugh, 330 So.2d 205 (Fla. 2d DCA 1976).
Id. at 464.
With respect to the award made on quantum meruit for appellant’s services to ap-pellee, there has been no showing of any abuse of discretion by the trial court. In Smith v. Hamilton, 428 So.2d 382 (Fla. 4th DCA 1983), this court held that “a trial court’s finding will not be disturbed, although based on conflicting evidence, unless that finding is based on clearly erroneous evidence.” Id. at 383-384.
Appellee filed a motion in this court for attorney’s fees pursuant to section 57.- *692 105, Florida Statutes (1985), claiming that the appeal was devoid of any merit. In United Companies Financial Corp. v. Hughes, 460 So.2d 585 (Fla. 2d DCA 1984), the court held:
Section 57.105 provides for the award of reasonable attorneys’ fees to the prevailing party when the court finds “that there was a complete absence of a justiciable issue of either law or fact raised by the losing party.” The purpose of the statute is to discourage baseless claims, stonewall defenses, and sham appeals in civil litigation by placing a price tag through attorneys’ fees awards on losing parties who engage in such activities. Yet, courts must carefully balance invocation of the statute against the right of access to the courts guaranteed under the Florida Constitution. See Art. I, § 21, Fla.Const. Therefore, before an award can be made, the trial court must find that the losing party’s action or defense was frivolous. In sum, to justify an award against an unsuccessful plaintiff, the action must be so clearly devoid of merit, both on the facts and the law, as to be completely untenable.
Id. at 587 (Citations omitted).
Additionally, in order to properly award attorney’s fees pursuant to section 57.105, it is necessary to find that the entire action, not merely a portion thereof, was devoid of merit both as to law and fact. Glover v. School Bd. of Hillsborough County, 462 So.2d 116 (Fla. 2d DCA 1985).
In Allen v. Estate of Dutton, 384 So.2d 171 (Fla. 5th DCA 1980), it was held that, to support such an award of fees, there must be a finding of a total or absolute lack of a justiciable issue, which is tantamount to finding that the action is frivolous. The court went on to define “frivolous” and adopted the definition found in Treat v. State ex rel. Mitton, 121 Fla. 509, 163 So. 883 (1935), as follows:
A frivolous appeal is not merely one that is likely to be unsuccessful. It is one that is so readily recognizable as devoid of merit on the face of the record that there is little, if any, prospect whatsoever that it can ever succeed. It must be one so clearly untenable, or the insufficiency of which is so manifest on a bare inspection of the record and assignments of error, that its character may be determined without argument or research. An appeal is not frivolous where a substantial justiciable question can be spelled out of it, or from any part of it, even though such question is unlikely to be decided other than as the lower court decided it, i.e., against appellant or plaintiff in error.
Id. at 175. (Citation omitted.)
Here, it does not appear that the action was so devoid of merit, both as to law and fact, such as to justify an award of attorney’s fees pursuant to section 57.105. Although the trial court did dismiss several counts of appellant’s amended complaint, appellant was awarded damages on quantum meruit, thus evidencing some merit to her contentions. Moreover, as asserted by appellant, much of the evidence in the court below was conflicting so that there were justiciable issues of fact to be determined. Therefore, there is no basis for an award of attorney’s fees pursuant to section 57.105 in the trial court or in this court.
Accordingly, the judgment of the trial court is hereby affirmed in all respects.
GLICKSTEIN and STONE, JJ., concur.