784 So.2d 619 (2001)
Charles A. CAVALLARO and Florence C. Cavallaro, Appellants,
v.
STRATFORD HOMES, INC., Appellee.
No. 5D00-2363.
District Court of Appeal of Florida, Fifth District.
May 25, 2001.
*620 Edward P. Jordan, II, Edward P. Jordan, II, P.A., Clermont, for Appellant.
Kenneth R. Marchman of Hunter & Marchman, P.A., Winter Park, for Appellee.
PALMER, J.
Charles and Florence Cavallaro appeal the final summary judgment entered in favor of Stratford Homes (Stratford) on the Cavallaros' claims for specific performance and damages arising out of Stratford's alleged breach of a land sales and home construction contract. We affirm.
*621 The Cavallaros filed suit against Stratford seeking specific performance of an agreement for the purchase and sale of a lot and the construction of a home thereon, or, in the alternative, damages arising from Stratford's alleged breach of that agreement. The complaint alleged that the parties had executed a lot reservation agreement which reserved a particular lot and fixed the base price for the construction of one of Stratford's model homes until a sale and purchase agreement was executed. The lot reservation provided, among other things, that: "Should [a sale and purchase] agreement not be executed within 14 days of this date, purchaser and/or seller may, at either's option, void this lot reservation." In consideration for the lot reservation, the Cavallaros gave Stratford a $500 deposit. The complaint alleged that, although the parties had subsequently executed an enforceable sale and purchase agreement, Stratford breached the agreement by improperly refusing to construct their home.
Stratford filed a motion for summary judgment alleging that the undisputed evidence established that the parties had not reached a meeting of the minds as to the essential terms of a contract for sale and purchase and, even if they had, any agreement would have been unenforceable due to the statute of frauds. Stratford maintained that the undisputed evidence demonstrated that it had never entered into a sale and purchase agreement with regard to the construction of the Cavallaros' home, and that the documents which the Cavallaros claim constituted the parties' agreement failed to contain the requisite essential terms such as the purchase price and design of the home, and the terms and conditions of construction. The trial court agreed and entered a final summary judgment in favor of Stratford.
The undisputed record evidence established that the Cavallaros entered into negotiations with Stratford for the construction of a home, but that a meeting of the minds was never reached as to the price and the terms of construction of the home which were essential terms to an enforceable contract. The Cavallaros requested several changes to Stratford's basic model over a period of several months. Plans were redone and new pricing was formulated on a number of occasions. Because no final agreement was reached as to those essential terms, the entry of summary judgment in favor of Stafford was correct.
Even if the parties had reached a meeting of the minds as to the essential terms, any such contract would have been unenforceable under Florida's statute of frauds, section 725.01 of the Florida Statutes (1999). Pursuant to the statute, no action can be brought to enforce a contract for the sale of land unless the contract is in writing and signed by the party to be charged. In order to be "an enforceable land sales contract, the statute of frauds... requires the contract to satisfy two threshold conditions. First, the contract must be embodied in a written memorandum signed by the party against whom enforcement is sought. Second, the written memorandum must disclose all of the essential terms of the sale and these terms may not be explained by resort to parol evidence." Socarras v. Claughton Hotels, Inc., 374 So.2d 1057, 1059 (Fla. 3d DCA 1979) (citations omitted).
The Cavallaros contend there is evidence in the record demonstrating that the parties executed a written contract. More specifically, the Cavallaros maintain that the sale and purchase agreement and addendum which was signed by them, but not by Stratford, when read in conjunction with a price list which was signed by Stratford's *622 agent four days later, satisfied the written memorandum requirement of the statute of frauds. We disagree. In order for documents to be read in conjunction with each other to constitute a sufficient memorandum for purposes of the statute of frauds, the law strictly requires some internal reference between the documents. To that end, there "must be some reference to the unsigned writing in the signed writing." Id. Here, the signed price list did not make reference to the unsigned sale and purchase agreement.
The Cavallaros next argue that the trial court improperly rejected their claim that the part performance doctrine removed the parties' alleged oral agreement from the requirements of the statute of frauds. We disagree that part performance would apply in this case even if an oral agreement had been reached by the parties.
In Lanier v. Poppell, 359 So.2d 20, 21 (Fla. 2d DCA 1978), the Second District repeated the established rule that "in order to constitute part performance sufficient to take an oral agreement to devise real property out from under the Statute of Frauds, delivery of possession of the real property is required." Here, a finding of part performance could not be sustained because the Cavallaros never took possession of the property. See also Goldman v. Citicorp Savings of Florida, 552 So.2d 1124, 1125 (Fla. 3d DCA 1989)(recognizing that in an action for specific performance where the doctrine of part performance is raised, one indispensable element of the doctrine is possession of the property by the party seeking the specific performance).
Finally, we reject the Cavallaros' remaining contention that Stratford breached its implied duty of good faith and fair dealing by failing to commence construction of their home. A duty of good faith must relate to the performance of an express term of the contract. Hospital Corp. of America v. Florida Medical Center, Inc., 710 So.2d 573, 575 (Fla. 4th DCA 1998); see also Bernstein v. True, 636 So.2d 1364 (Fla. 4th DCA 1994)(demonstrating that the covenant of good faith is not actionable where the contract is not enforceable). The duty to perform in good faith never arose in this case because the parties never reached an agreement or executed an enforceable contract.
Having rejected all of the Cavallaros' claims of error, we affirm the trial court's final summary judgment order.
AFFIRMED.
COBB and PLEUS, JJ., concur.