943 So.2d 246 (2006)
Leonid TUROVETS, Rostislav Turovets and Alina Turovets, Appellants,
v.
Rita KHROMOV, Appellee.
No. 4D05-2517.
District Court of Appeal of Florida, Fourth District.
November 8, 2006.
Rehearing Denied January 2, 2007.
*247 Warren B. Kwavnick and John H. Richards of Cooney, Mattson, Lance, Blackburn, Richards & O'Connor, P.A., Fort Lauderdale, for appellants.
Todd A. Armbruster of Moskowitz, Mandell, Salim & Simowitz, P.A., Fort Lauderdale, for appellee.
STEVENSON, C.J.
In this case involving a disputed quitclaim deed to a condominium unit, appellants, Leonid Turovets and his children, Rostislav and Alina Turovets, appeal the trial court's orders assessing section 57.105 attorney's fees to appellee, Rita Khromov, and granting summary judgment in Khromov's favor on the counterclaim filed by Rostislav Turovets. We reverse because the record does not support the award of attorney's fees based on Florida Statutes section 57.105 and a disputed issue of fact precluded the trial court from entering summary judgment on the counterclaim.
On July 29, 2002, appellee, Rita Khromov, filed a complaint alleging that Leonid, with whom she had shared a fourteen-year marital-like relationship, forged her signature on a deed that conveyed to him her interest in their jointly-acquired condominium unit. Khromov sought the deed's rescission, the ejectment of Leonid and his children, and attorney's fees pursuant to section 57.105. In their answer, appellants denied forging Khromov's signature. Rostislav also filed a counterclaim seeking damages for unjust enrichment, contribution for the purchase and maintenance of the condominium, and to quiet title because the deed transferring Khromov's interest was valid.
During discovery, Linda Hart, a handwriting expert, testified that based on the absence of variations[1] between Khromov's signature and the potential forgery, a probability existed that someone forged Khromov's signature. The expert further opined that although there was not a "high probability" of forgery, the opportunity to examine the original deed might provide a *248 more definite conclusion. Leonid refuted the alleged forgery, maintaining that he saw Khromov sign the deed. Alex Katz, who is not a party to these proceedings, corroborated Leonid's testimony, stating he too observed Khromov and Shalom Silverman, the notary, sign the deed. The notary, who was also deposed, stated he was between sixty and seventy percent positive someone forged his signature because although portions of the purported signature were "exactly like" his signature, his first name was misspelled and a few letters were written differently.
Before the trial commenced, Khromov filed an affidavit by the notary reiterating he was "all but certain" someone forged his signature. Thereafter, the parties entered into a settlement agreement which awarded Khromov one half of the condominium. Khromov subsequently filed an amended complaint seeking a partition of the condominium, compensatory damages for Leonid converting the property, and attorney's fees pursuant to sections 64.081 and 57.105, Florida Statutes. The trial court granted summary judgment in Khromov's favor on both the amended complaint and Rostislav's counterclaim for contribution and unjust enrichment on the ground that Rostislav had "unclean hands" due to his assertion throughout the litigation that Khromov signed the deed.
Furthermore, based on the record and arguments presented, the trial court awarded Khromov attorney's fees pursuant to section 57.105, reasoning that when the litigation commenced, Leonid and his children knew or should have known no material facts supported their assertion that Khromov signed the deed. Additionally, Leonid and his children "squander[ed] a `last clear chance' to withdraw their factually meritless position" by insisting throughout the litigation that Khromov executed the deed. The trial court also granted Khromov's motion for additional attorney's fees related to the partition and as a prevailing party for purposes of section 57.041. In this appeal, appellants challenge the attorney's fees award and the summary judgment on the counterclaim.
We begin our analysis by recognizing that "the award of attorney's fees is a matter committed to sound judicial discretion which will not be disturbed on appeal, absent a showing of clear abuse of discretion." DiStefano Constr., Inc. v. Fid. & Deposit Co. of Md., 597 So.2d 248, 250 (Fla.1992). "`The purpose of [section 57.105] is to discourage baseless claims, stonewall defenses, and sham appeals in civil litigation by placing a price tag through attorneys' fees awards on losing parties who engage in such activities.'" Renfro v. Dodge, 520 So.2d 690, 692 (Fla. 4th DCA 1988) (quoting United Cos. Fin. Corp. v. Hughes, 460 So.2d 585, 587 (Fla. 2d DCA 1984)).
"In determining whether a party is entitled to statutory attorney's fees under section 57.105, Florida Statutes, frivolousness is determined when the claim or defense was initially filed; if the claim or defense is not initially frivolous, the court must then determine whether the claim or defense became frivolous after the suit was filed. In so doing, the court determines if the party or its counsel knew or should have known that the claim or defense asserted was not supported by the facts or an application of existing law."
Yakavonis v. Dolphin Petroleum, Inc., 934 So.2d 615, 619 (Fla. 4th DCA 2006) (quoting Wendy's of N.E. Fla., Inc. v. Vandergriff, 865 So.2d 520, 523 (Fla. 1st DCA 2003)).
Claims which are frivolous because they are not supported by the facts include those asserting material factual *249 statements and assertions known to be false and contradicted by overwhelming evidence. See Yakavonis, 934 So.2d at 619. Here, the trial court's findings that appellants "produced no evidence corroborating their allegation that [Khromov] executed the deed" and that the allegation "was not supported by any material facts" are belied by the record. The deed bore a signature which was purportedly Khromov's. The handwriting expert explicitly stated there was not a high probability that someone forged Khromov's signature. Moreover, Alex Katz, who was not a party to these proceedings, testified that he witnessed Khromov and the notary sign the deed. While the notary found discrepancies between his signature and his purported signature on the deed, he was not positive that someone forged his name. On the record in this case, the trial court could not properly conclude that the appellants' factual assertion that Khromov signed the deed was a known false statement or was contradicted by overwhelming evidence. See id.; United Cos. Fin. Corp. v. Hughes, 460 So.2d 585, 587 (Fla. 2d DCA 1984) (stating "to justify an award against an unsuccessful plaintiff [based on section 57.105], the action must be so clearly devoid of merit, both on the facts and the law, as to be completely untenable"). Accordingly, we reverse summary judgment on Rostislav's counterclaim as a disputed issue of fact remains as to whether Khromov in fact signed the deed. Likewise, we reverse the trial court's assessment of section 57.105 fees to Khromov and remand the case to the trial court for recalculation of attorney's fees.
Reversed and Remanded.
STONE and POLEN, JJ., concur.
NOTES
[1] Hart explained that "[t]here are always variations" to a person's signature as no one signs their name the same way every time. Thus, the absence of variations would indicate that the signature was traced.