RAMIREZ, C.J.
 

 David Kelsey appeals to this Court the trial court’s order denying his award of attorney’s fees, after having heard prior argument on this issue and having found that Kelsey was entitled to attorney’s fees. We reverse because Kelsey was the prevailing party below whose entitlement to attorney’s fees was well established.
 

 Kelsey hired Metro Construction to perform foundation work on his house and a dispute arose. Metro then abandoned its work under the contract. Metro brought a claim for breach of contract and to foreclose a consti’uction lien. Kelsey counterclaimed.
 

 The case proceeded to a four-day non-jury trial. The original trial court found that Metro had abandoned the project and had not performed under the parties’ contract. The trial court entered a Final Judgment for Defendant, in favor of Kelsey. In that Final Judgment, the trial court found that Kelsey had prevailed on his breach of contract claim and that Kelsey was entitled to his attorney’s fees and
 
 *254
 
 costs, which were to be argued “in the future,” according to the Final Judgment.
 

 Metro filed a motion for rehearing/new trial. At the hearing on this motion, Metro’s counsel argued that Kelsey was not entitled to attorney’s fees because he had not specifically pled the basis for the fees. The original trial court rejected this argument and denied Metro’s motion.
 

 Metro further sought to amend the Final Judgment for Defendant for “ministerial errors.” Metro stated at paragraph 2 that “nothing otherwise in the Judgment would be affected by this change.”
 

 However, the “Amended Final Judgment for Defendant,” in paragraph 3, entered on October 11, 2001 to correct the “ministerial errors”, omitted paragraph 7 of the original Final Judgment for Defendant, where the trial court found that Kelsey was entitled to attorney’s fees under section 57.105(2), Florida Statutes (2001). The provision that “[a] hearing on attorney’s fees and costs shall be argued [before the lower court] at a time to be set in the future” was not omitted.
 

 On March 12, 2008, the parties’ motions for attorney’s fees were heard by the trial court. On July 8, 2008, the trial court entered its Order on Cross Motions for Attorney’s Fees and Costs and granted Kelsey’s motion for attorney’s fees and denied Metro’s cross motion. Metro moved for relief and reconsideration of the Order awarding Kelsey his attorney’s fees. The trial court denied Metro’s motion.
 

 Metro thereafter appealed the award of attorney’s fees to this Court.
 
 See Metro Const., Inc. v. Kelsey,
 
 990 So.2d 1077 (Fla. 3d DCA 2008). This appeal was voluntarily dismissed for lack of jurisdiction on October 3, 2008.
 

 The case thereafter proceeded to a hearing, before the trial court on January 15, 2009, on the determination of the amount of attorney’s fees to be awarded to Kelsey. Metro’s attorney requested a week to prepare a response to the issue of the amount to be awarded. Then, instead of responding to the amount to be awarded, on January 20, 2009, Metro attempted to re-litigate the issue of entitlement. The trial court thereafter entered an Order denying Kelsey’s award of attorney’s fees, stating in its order that “the results obtained do not show a clearly defined prevailing party, that both parties shall be responsible for their own attorney’s fees and costs.” Kelsey now appeals.
 

 We agree with Kelsey that because he prevailed on the significant issue litigated in the trial court (the breach of contract claim) and defeated all the claims brought by Metro, he is entitled to the award of attorney’s fees under the parties’ contract and section 57.105, Florida Statutes (2001). The standard of review for prevailing party attorney’s fees is abuse of discretion.
 
 Turovets v. Khromov,
 
 943 So.2d 246 (Fla. 4th DCA 2006). Here, the trial court abused its discretion regarding this issue.
 

 According to
 
 Moritz v. Hoyt Enterprises, Inc.,
 
 604 So.2d 807 (Fla.1992), for purposes of attorney’s fees, the prevailing party is the party that prevailed on the significant issues in litigation. In the case before us, the original trial court found that Kelsey prevailed on the breach of contract claim, the significant issue in this case. In addition, Kelsey defeated all counts brought against him by Metro, as noted in both the original trial court’s Final Judgment.
 

 Kelsey is entitled to attorney’s fees under the parties’ contract because there is a provision allowing attorney’s fees to a party when he or she is required to take any action to enforce the contract. Accordingly, Kelsey is entitled to fees under section
 
 *255
 
 57.105, Florida Statutes (2001), which states, in pertinent part:
 

 If a contract contains a provision allowing attorney’s fees to a party when he or she is required to take any action to enforce the contract, the court may also allow reasonable attorney’s fees to the other party when that party prevails in any action, whether as plaintiff or defendant, with respect to the contract.
 

 Here, the issue that was to be decided was the amount of fees that Kelsey was to be awarded, not his entitlement to attorney’s fees.
 

 In addition, according to section 713.29, Florida Statutes (2001):
 

 In any action brought to enforce a lien or to enforce a claim against a bond under this part, the prevailing party is entitled to recover a reasonable fee for the services of her or his attorney for trial and appeal or for arbitration, in an amount to be determined by the court, which fee must be taxed as part of the prevailing party’s costs, as allowed in equitable actions.
 

 Kelsey prevailed against Metro on its action brought to enforce a lien. Under section 713.29, he is entitled to recover a reasonable fee for the services of his attorney for trial and appeal, in an amount to be determined by the court, which fee must be taxed as part of the prevailing party’s costs.
 

 In sum, Kelsey’s entitlement to attorney’s fees was properly established by the previous orders entered by the trial court, and it was error subsequently to deny Kelsey’s motion for attorney’s fees and costs. We thus reverse the order on appeal and remand with instructions to determine the appropriate amount of attorney’s fees to be awarded to Kelsey.
 

 Reversed and remanded with instructions.