# Third District Court of Appeal

## State of Florida

Opinion filed May 22, 2019.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D18-791
Lower Tribunal No. 16-7189
_____

## Country Club of Miami Condominium Association, Inc.,
Appellant,

vs.

## Naidima Gracia, et al.,
Appellees.

An appeal from the Circuit Court for Miami-Dade County, Abby Cynamon, Judge.

Kawel PLLC, and Andrew Paul Kawel and Andrew Richard Verblow, for appellant.

Roger Cabrera, P.A., and Roger Cabrera, for appellees.

Before EMAS, C.J., and SCALES and MILLER, JJ.

MILLER, J.

As we have no basis for concluding the trial court abused its discretion in denying appellant's motion for entitlement to attorney's fees, we affirm. <u>See Kelsey v. Metro Constr.</u>, 31 So. 3d 252, 254 (Fla. 3d DCA 2010) ("The standard of review for prevailing party attorney's fees is abuse of discretion." (citation omitted)); <u>see also</u> <u>Applegate v. Barnett Bank of Tallahassee</u>, 377 So. 2d 1150, 1152 (Fla. 1979) ("Without a[n adequate] record . . . the appellate court can not properly resolve the underlying factual issues so as to conclude that the trial court's judgment is not supported by the evidence or by an alternative theory. Without knowing the factual context, neither can an appellate court reasonably conclude that the trial judge so misconceived the law as to require reversal."); <u>Del Valle v. Biltmore II Condo. Ass'n, Inc.</u>, 411 So. 2d 1356, 1358 (Fla. 3d DCA 1982) ("Where, as here, the unit owner denies each and every material allegation in a complaint for injunctive relief and, additionally, interposes affirmative defenses . . . which, if proved at time of trial, would have precluded the Association from obtaining the relief requested, we have no basis for concluding that the Association was the prevailing party where the dismissal for mootness was unrelated to the merits of the case.").

Affirmed.